La Juahn W. **BRYANT**,
Debtor-Appellant,

v.

**GENERAL ELECTRIC CREDIT CORPORATION, Creditor-Appellee.**

No. 85 C 5987.

United States District Court,
N.D. Illinois, E.D.

Feb. 19, 1986.

Zalutsky & Pinski, Ltd., Chicago, Ill., for debtor-appellant.

Blatt, Hasenmiller, Flanagan & Leibsker, Chicago, Ill., for creditor-appellee.

## MEMORANDUM OPINION AND ORDER

DUFF, District Judge.

Appellant La Juahn Bryant appeals from the judgment entered by Bankruptcy Judge Thomas James in favor of the defendant.

## FACTS

The few facts in the record are simple and undisputed. On June 7, 1984, appellee General Electric Credit Corporation ("GECC") obtained a judgment against Bryant in the amount of $1,196.13 plus costs in the Municipal Court of Cook County, Illinois. Bryant's employer, Judge & Dolph, Ltd. ("Judge & Dolph"), is holding $440.62 of Bryant's wages pursuant to a garnishment summons issued December 5, 1984.

On January 2, 1985, Bryant filed his petition in bankruptcy. Bryant declared the funds held by Judge & Dolph exempt from the bankruptcy estate on March 22, 1985. GECC never objected and therefore the funds are exempt under 11 U.S.C. § 522(*l*). On February 12, 1985, Bryant filed this claim to recover the funds held by Judge & Dolph. The bankruptcy court ruled that Bryant could not recover the money because he no longer had any interest in it.

## DISCUSSION

On review, a district court must accept the bankruptcy court's findings of fact unless clearly erroneous. Fed.R.Bankr.P. 8013, but reviews conclusions of law de novo. *In Re Kimzey*, 761 F.2d 421 (7th Cir.1985); *Matter of Tynan*, 773 F.2d 177 (7th Cir.1985).

Judge James ruled that Bryant no longer had an interest in the funds and that he therefore could not avoid the lien under 11 U.S.C. § 522(f)(1), which states that:

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such a lien is—
(1) a judicial lien;

In *Matter of Coppie*, 728 F.2d 951 (7th Cir.1984), the Seventh Circuit considered whether a debtor had an interest in garnished funds where the debtor was seeking to avoid the garnishment under 11 U.S.C. § 547, which allows the trustee in bankruptcy to avoid a transfer of the debtor's property made 90 days before bankruptcy. While Bryant seeks to avoid a judicial lien under 11 U.S.C. § 522 rather than § 547, *Coppie* is helpful in deciding when a debtor retains a sufficient interest in garnished property to invoke the power of avoidance in bankruptcy.

The court stated that state law should determine whether the garnishment constituted a complete transfer of the debtor's interest in his property. In *Coppie*, a hearing was held and a court order gave the judgment creditor a continuing lien on the future income of the debtor pursuant to Indiana garnishment law.

The court concluded that "[f]ollowing court orders that the liens on the debtors' future income be continuous, the debtors no longer had a property interest in 10% of their future salaries." The court repeated that "once the court orders were entered the debtors were no longer entitled to 10% of their future salaries." 728 F.2d at 952–53. Relying on the fact that the property had been transferred by order of an Indiana court, the Seventh Circuit found that the debtor no longer had any interest in the property and could not recover the funds through a § 547 avoidance.

Under *Coppie*, this court should consider whether the debtor, Bryant, has any interest in the funds according to Illinois garnishment law. 110 Ill.Rev.Stat. ¶¶ 12–801—12–819. Unlike the Indiana procedure in *Coppie*, there was no court order here transferring the funds away from Bryant.

The Illinois garnishment statute does not require such an order before an employer is compelled to withhold wages. An employer must hold non-exempt wages once it has been served with garnishment summons and written interrogatories. The employer must then answer the summons and interrogatories and indicate the amount due the debtor as wages. If the judgment creditor challenges the employer's answer, a hearing will be held and the court may then enter a wage deduction order.

■ The wage deduction order discharges the employer of all claims by the judgment debtor. 110 Ill.Rev.Stat. § 12–812. By providing for the employer's discharge upon the entry of the wage deduction order, § 12–812 indicates that the debtor may challenge the garnishment at any time prior to the entry of the order. If the debtor has standing to challenge the garnishment, it follows that he must have some interest in the garnishment property.

Illinois courts have not clearly defined the debtor's interest in property after service of garnishment summons and before entry of a wage deduction order. It is apparent, however, that the debtor continues to have some interest in his wages. The employer garnishee holds the debtor's funds as stakeholder until the wage deduction order is entered and the claims to the property are settled. *Robbins, Coe, Rubenstein & Shafran v. Ro Tek, Inc.*, 23 Ill.App.3d 705, 320 N.E.2d 157 (1st Dist. 1974). Prior to the entry of the wage deduction order, the judgment debtor may challenge the underlying judgment and assert his rights to the funds. *Felton v. Shead*, 6 Ill.App.3d 123, 285 N.E.2d 162 (1st Dist.1972); *In Re Marriage of Souleles*, 111 Ill.App.3d 865, 67 Ill.Dec. 485, 444 N.E.2d 721 (1st Dist.1982).

Allowing the debtor to avoid this lien is consistent with the provisions of the Bankruptcy Code. Section 522(f) "protects the debtor's exemptions, his discharge, and thus his fresh start by permitting him to avoid certain liens on exempt property. The debtor may avoid a judicial lien on any property to the extent that the property

could have been exempted in the absence of the lien ..." 11 U.S.C. § 522(f) Notes of Committee on the Judiciary; House Report No. 95–989, 95th Cong., U.S.Code Cong. & Admin.News 1978, 5787. In finding that Bryant did not have an interest in the funds, the bankruptcy court denied Bryant the opportunity, which § 522(f) provides, to exempt the garnished funds. The court thereby deprived Bryant of his "fresh start".

■ It is clear from the record that Bryant has met the remaining requirements of § 522(f) and may avoid the garnishment. The money held by Judge & Dolph is properly exempt from the bankruptcy estate since it was declared exempt and GECC did not object to the exemption. 11 U.S.C. § 522(*l*). The garnishment is a judicial lien according to Illinois garnishment law, 110 Ill.Rev.Stat. ¶b 12–808, and it clearly impairs the exemption to which Bryant is entitled.

For these reasons, the decision of the bankruptcy court is reversed, the action of Bryant to avoid the garnishment lien is allowed and the money held by Judge & Dolph should be returned to Bryant.