(No. 68467.—

*In re* MARRIAGE OF EMILY S. SUTTON, Appellee, and ROBERT L. SUTTON, Appellant.

*Opinion filed July 3, 1990.*

Paul G. Bradshaw, of Peoria, for appellant.

A. Lou Benassi, of Benassi & Benassi, P.C., of Peoria (J. Brian Heller, of counsel), for appellee.

JUSTICE WARD delivered the opinion of the court:

The petitioner, Emily S. Sutton, petitioned the circuit court of Peoria County for modification of a judgment entered earlier for legal separation. The court granted the motion of her husband, Robert L. Sutton, the respondent, to dismiss the petition. The court held that under the terms of a legal separation agreement relating to, *inter alia*, monthly maintenance for Emily, the judgment could not be modified without the consent of both parties. The appellate court reversed and remanded (178 Ill. App. 3d 928), and we granted the respondent's petition for leave to appeal under Rule 315 (107 Ill. 2d R. 315).

On October 1, 1982, after 41 years of marriage, Emily Sutton, alleging mental cruelty, filed a petition for legal separation under the Illinois Marriage and Dissolution of Marriage Act (the Act) (Ill. Rev. Stat. 1981, ch. 40, par. 402). Her husband filed a counterclaim for disso-

lution of marriage, claiming mental cruelty on the part of Emily. (Ill. Rev. Stat. 1981, ch. 40, par. 401.) The trial judge, finding the respondent guilty of "extreme and repeated mental cruelty," entered a judgment for legal separation on August 3, 1983. The judgment incorporated a previously drafted "legal separation agreement," disposing of the couple's property, awarding Emily a cash payment and establishing the amount of monthly maintenance to be paid by Robert to Emily. Only the provisions regarding the amount of maintenance to be paid to Emily are involved in this appeal.

Paragraph 4 of the separation agreement, incorporated in the judgment by reference, provides:

> "Respondent [Robert] shall pay to Petitioner [Emily] as maintenance the sum of Eleven Hundred Dollars ($1,100.00) per month commencing as of June 1, 1983, and continuing until February, 1984, when Petitioner is first eligible to receive social security. Beginning in February, 1984, Respondent's maintenance payments to Petitioner shall be reduced by the amount of Petitioner's initial monthly social security grant. Pursuant to Section 502(f) of 'An Act in Relation to Marriage and Dissolution of Marriage,' the parties agree that maintenance shall not be reduced as a result of any increases in Petitioner's social security grant. *** In no event shall total maintenance go below $1,100 which will include maintenance plus social security."

Paragraph 10 of the agreement provides:

> "Terms of this marital separation agreement shall not be changed or modified without the agreement and consent of both parties."

In February 1988, Emily sought judicial modification of the judgment, contending that an increase in the amount of maintenance was required because the maintenance payments were no longer sufficient to allow her to meet her needs and continue under the standard of living established during the marriage. The respondent

filed a motion to dismiss the petitioner's petition, contending that the language of the separation agreement prohibited modification of the agreement without the consent of both parties. The trial court, agreeing that the judgment was not modifiable without the agreement of both parties, granted the respondent's motion and dismissed the petition to modify.

The appellate court reversed, holding that the agreement limited, but did not preclude, judicial modification of maintenance. The court stated that the agreement did not express the clear intent necessary to preclude judicial modification of maintenance as is required under the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1987, ch. 40, par. 502(f)). 178 Ill. App. 3d at 931.

The question, of course, is whether the language of the separation agreement precluded, without the consent of the parties, a judicial modification of the amount of maintenance stated in the agreement.

Relevant sections of the Illinois Marriage and Dissolution of Marriage Act are sections 502 and 510. Under the Act, awards of maintenance are generally modifiable, although the award can be made nonmodifiable in limited situations. Section 510(a) provides: "Except as otherwise provided in paragraph (f) of Section 502, the provisions of any judgment respecting maintenance or support may be modified *** upon a showing of substantial change in circumstances." (Ill. Rev. Stat. 1987, ch. 40, par. 510(a).) Section 502(f), not making specific reference to maintenance, states that "the judgment may expressly preclude or limit modification of terms set forth in the judgment if the agreement so provides." (Ill. Rev. Stat. 1987, ch. 40, par. 502(f).) Unless section 502(f) is applicable, the court's power to modify the terms of an agreement is clear.

The petitioner argues that paragraph 4 does not preclude judicial modification of maintenance, contending

that paragraph 10, considering the nature of and reason for maintenance payments, did not apply to maintenance.

The respondent responds that the language of the agreement shows the parties' intention that the terms of the agreement were not to be modified without both parties' consent. This court has not yet, however, determined whether nonmodification language similar to that in paragraph 10 is sufficiently clear under section 502(f) of the Act to preclude judicial modification of maintenance. (But see *In re Marriage of Mateja* (1989), 183 Ill. App. 3d 759 (where the appellate court found similar language sufficiently clear to preclude judicial modification).) Although the parties devote a significant portion of their arguments to this issue, we need not determine it here because section 502(f) applies only to agreements attendant upon a dissolution of marriage. Here, as the parties' settlement agreement was pursuant to a legal separation and not a dissolution of their marriage, section 502(f) is not applicable. The right to judicial modification of maintenance provided in section 510(a) is, therefore, intact.

The point that section 502(f) is limited to dissolutions of marriage has been raised by the petitioner for the first time on this appeal, and our Rule 341(e)(7) states that points not raised in an earlier proceeding are waived. (107 Ill. 2d R. 341(e)(7).) A reviewing court can, however, in furtherance of its responsibility to provide a just result, override considerations of waiver and consider a point tardily presented. The rule of waiver is a limitation on parties and not on courts. (*Hux v. Raben* (1967), 38 Ill. 2d 223, 225.) The point the petitioner raises now could not have been refuted or overcome had it been raised earlier. There is no unfairness to the respondent in considering it.

Section 502(a) provides, "To promote amicable settlement of disputes between parties to a marriage *attendant upon the dissolution* of their marriage, the parties

may enter into a written or oral agreement containing provisions for disposition of any property owned by either of them, maintenance of either of them and support, custody and visitation of their children." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 40, par. 502(a).) The respondent argues that while there was not a dissolution entered here, section 502 was, nevertheless, available to them during the course of the proceedings because he had filed a counterclaim for dissolution. The respondent's contention misses the mark. It is clear that the legislature intended that limitations on modification of maintenance in separation agreements be effective only upon a dissolution of the marriage. (See *Stern v. Stern* (1982), 105 Ill. App. 3d 805, 810.) An order of dissolution was not entered here.

The language of section 502 was taken from section 306(a) of the Uniform Marriage and Divorce Act (9A U.L.A. 216-17 (1987). See Ill. Ann. Stat., ch. 40, par. 502, Historical & Practice Notes, at 399 (Smith-Hurd Supp. 1980)). The language of our section, however, differs from the Uniform Act in that section 502(a) refers only to separation agreements attendant upon dissolution of the marriage, whereas the Uniform Act provides for separation agreements attendant upon either a legal separation or a dissolution of the marriage. Under the rules of statutory construction, changes in wording and phrasing will be presumed to have been deliberately made. If words used in a prior statute to express a certain meaning are omitted (from the later statute) it will be presumed that a change of meaning was intended. (*Lingwall v. Hoener* (1985), 108 Ill. 2d 206, 212; *Smith v. Industrial Comm'n* (1988), 170 Ill. App. 3d 626, 630; *Murray v. Estate of Armstrong* (1969), 114 Ill. App. 2d 200, 203; 2A N. Singer, Sutherland on Statutory Construction §51.02, at 453-54 (Sands 4th ed. 1984).) That section 502 was intended to apply only to dissolutions is supported by the

comments to section 502, which state "the section does not, however, apply to legal separation proceedings." Ill. Ann. Stat., ch. 40, par. 502, Supplement to Historical & Practice Notes, at 42 (Smith-Hurd Supp. 1989).

The respondent contends that courts should treat legal separations and dissolutions alike, but the contention should be presented to the legislature and not to this court. The legislature clearly intended that the parties in such situations be regarded differently, and not without cause. The nature of dissolution of marriage proceedings is fundamentally different from legal separation proceedings. A dissolution terminates the legal relationship between husband and wife by act of law, while a legal separation does not. (*In re Marriage of Schwartz* (1985), 131 Ill. App. 3d 351, 355.) That a legal relationship continues to exist under a legal separation is sufficient reason for treating the parties in a legal separation differently.

Considering that section 502 does not apply to the agreement, the question may be asked whether the agreement is, nonetheless, legally enforceable. The comments to section 502 state that the "language of section 502(a) does not preclude parties to a legal separation from entering into a valid settlement agreement" regarding the separate support and maintenance of the wife and the settlement of property rights. (Ill. Ann. Stat., ch. 40, par. 502, Historical & Practice Notes, at 399 (Smith-Hurd Supp. 1980).) Where a separation of husband and wife is imminent or has already occurred, an agreement making a fair and equitable provision for the separate support of one spouse and for a settlement of property rights is not against public policy. (*Rooks v. Plavec* (1963), 40 Ill. App. 2d 298, 305.) There are decisions that recognize that although a court, under the Act, does not have express authority to distribute property in a legal separation proceeding, the parties may enter into an agreement for the distribution of property and present the agreement to the

court for approval. A court may, but is not bound to, accept such agreements. (*In re Marriage of Lipkin* (1987), 163 Ill. App. 3d 1033, 1037; *In re Marriage of Leff* (1986), 148 Ill. App. 3d 792, 797.) Such agreements must be fair and the respondent may not be relieved of the obligation to support the spouse. (See *Lagow v. Snapp* (1948), 400 Ill. 414, 419; *Eule v. Eule* (1975), 24 Ill. App. 3d 83, 87.) Once an agreement is incorporated into a judgment, however, it loses its contractual nature and the court's power to modify an award of maintenance is thereafter governed by statute. *In re Marriage of Martino* (1988), 166 Ill. App. 3d 692, 697.

The parties submitted their marital settlement to the court for approval and incorporation into the judgment of legal separation. The agreement here does not attempt to relieve the respondent of his obligation to support the wife. What appears to have been a reasonable division of property and reasonable sum for maintenance was agreed to by the parties and accepted by the court. We hold, however, that the provision in the agreement that the agreement is not to be modified is ineffective as far as maintenance is concerned. Section 502(f) is not applicable because there was no dissolution of marriage. Maintenance may, therefore, be modified under section 510. The cause is, therefore, remanded to the circuit court for determination of whether there has been a substantial change in circumstances justifying modification of the maintenance award.

For the reasons given, the judgment of the appellate court is affirmed.

*Judgment affirmed.*