**In re Abdon C. GARCIA, Debtor.**

**In re David E. KELLER, Sr. and Gladys L. Keller, Debtors.**

**Bankruptcy Nos. 92 B 13917, 92 B 19839.**

United States Bankruptcy Court, N.D. Illinois, E.D.

Jan. 11, 1993.

---

Scott J. Kofkin, Kofkin, Feld & Korrub, Chicago, IL, for the Garcia Case.

Michael L. Sherman, Sherman & Sherman, Chicago, IL, for GMAC.

Philip V. Martino, Chicago, IL, Trustee in Garcia Case.

Jeffrey F. Kohan, Zalutsky, Pinski & DiGiacomo, Ltd., Chicago, IL, for the Keller Case.

David R. Herzog, Chicago, IL, Trustee in Keller Case.

## MEMORANDUM OPINION

RONALD S. BARLIANT, Bankruptcy Judge.

Two Chapter 7 debtors filed what are generally considered to be routine motions to avoid wage deduction liens under § 522(f)(1). Section 522(f)(1) authorizes a debtor to avoid a judicial lien that impairs an exemption to which the debtor would otherwise be entitled. General Motors Acceptance Corporation ("GMAC"), the objecting creditor in both cases, contends (1) that the Debtors had no interest in the deducted wages when they filed their bankruptcy petitions, (2) that recent amendments to the Illinois personal property exemption statute no longer permit a debtor to avoid a lien on wages held by the debt-

or's employer under a wage deduction summons, and (3) that section 522 is inapplicable to the "continuing" Illinois wage deduction lien. Despite these arguments, the Court finds that the liens may still be avoided and will therefore grant the Debtors' motions to avoid the liens.

Because the objections are raised by the same creditor and the arguments are identical, this court will consolidate the motions for purposes of this opinion. These are core matters.

## FACTS

The facts in both of these cases are relatively simple. GMAC obtained judgments against the Debtors and then commenced wage deduction proceedings, causing wage deduction summonses to be served on the Debtors' employers. The employers withheld a portion of the Debtors' wages as required by Illinois law. After the wages had been withheld, both Debtors filed petitions under chapter 7 of the Bankruptcy Code. The Debtors claimed the withheld wages as exempt personal property and brought these motions to avoid the liens on the property they claim is exempt.

## DISCUSSION

The Debtors claim the withheld wages as exempt personal property under the Illinois "wild card" exemption. Ill.Rev.Stat. ch. 110, ¶ 12–1001. Sub-section (b) of paragraph 12–1001 permits a debtor to claim up to $2,000 "in any other property" as exempt. Based upon the claimed exemption under ¶ 12–1001, the Debtors moved to avoid the lien on the withheld wages pursuant to § 522(f)(1) of the Bankruptcy Code. 11 U.S.C. § 522(f)(1).

Section 522(f)(1) permits the debtor to avoid any judicial lien that impairs the debtor's exemptions. That section states:

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—(1) a judicial lien.

In *In re Weatherspoon*, 101 B.R. 533 (Bankr.N.D.Ill.1989), this Court analyzed whether a debtor retains an interest in wages withheld in a wage deduction proceeding, so that a lien on the wages can be avoided under § 522(f)(1). It concluded that until the wage deduction order is entered, the debtor retains an interest in the withheld wages and the debtor can therefore avoid the lien. *Weatherspoon*, 101 B.R. at 537, 539. By this motion, GMAC, among other things, asks this Court to reconsider its decision in *Weatherspoon*.

■ GMAC asserts that the holding in *Weatherspoon* is based upon an incorrect premise that a creditor is required to "defend" the underlying judgment at a wage deduction hearing. GMAC correctly points out that only where the underlying judgment was entered pursuant to a confession of judgment, is the creditor required to defend the underlying judgment at a wage deduction hearing. Ill.Rev.Stat. ch. 110, ¶ 12–813; *Felton v. Shead*, 6 Ill.App.3d 123, 126, 285 N.E.2d 162, 164 (1st Dist. 1972). GMAC, is incorrect, however, in its contention that the *Weatherspoon* decision is based upon the premise that the underlying judgment must be defended at a wage deduction hearing.

■ In *Weatherspoon* this Court made it clear that it is only upon the entry of the wage deduction order that the debtor's interest in the withheld wages is terminated. Until the order is entered the judgment debtor has a statutory right to request a hearing "to dispute the wage deduction because the wages are exempt." Ill.Rev.Stat. ch. 110, ¶ 12–811(b). Although GMAC contends that in actual practice a hearing is never held, that is immaterial. What is material is that the judgment debtor has a right, under the statute, to request such a hearing. Furthermore the employer can not pay the wages to the judgment creditor without risk of liability to the debtor until the wage deduction order has been entered. *Weatherspoon*, 101 B.R. at 537; Ill.Rev.Stat. ch. 110, ¶ 12–812. Finally, ¶ 12–808(b) provides that the employer

"shall hold" the wages "subject to order of court." Ill.Rev.Stat. ch. 110, ¶ 12–808(b); *Weatherspoon*, 101 B.R. at 537. Taken together, these provisions establish that a debtor retains an interest in the withheld wages until the wage deduction order is entered.

The reasoning applied by this Court in *Weatherspoon* was consistent with the decisions in *In re Johnson*, 53 B.R. 919 (Bankr.N.D.Ill.1985), *In re Bryant*, 58 B.R. 144 (N.D.Ill.1986) and *In re Coppie*, 728 F.2d 951 (7th Cir.1984), *cert. denied sub nom.*, 469 U.S. 1105, 105 S.Ct. 777, 83 L.Ed.2d 772 (1985). All three of these opinions focused upon entry of the order as the time when the debtor's rights are terminated or a transfer of the withheld wages occurs.[1]

■ GMAC alternately contends that a recent amendment to the Illinois Code of Civil Procedure changes the result in *Weatherspoon* and prevents a debtor from claiming wages withheld pursuant to a wage deduction proceeding as exempt. The Court rejects this argument and finds that, on the contrary, the amendment, if anything, codifies the *Weatherspoon* holding.

In accordance with section 522 of the United States Bankruptcy Code, Illinois has elected to "opt out" of the federal exemptions. Ill.Rev.Stat., ch. 110, ¶ 12–1001. Illinois debtors, therefore, have only the exemptions provided by Illinois law, most of which are contained in ¶ 12–1001 of the Code of Civil Procedure, Ill.Rev.Stat. ch. 110, ¶ 12–1001. As previously noted, one of the exemptions a debtor is entitled to under ¶ 12–1001 is the wild card exemption of up to $2,000 in any property. Effective January 1, 1992, the Illinois legislature amended ¶ 12–1001 by adding the following language at the end of that section:

The personal property exemptions set forth in this Section shall not apply to or be allowed against any money, salary, or wages due or to become due to the debtor that were required to be withheld *and upon which a wage deduction order has been entered* under part 8 of Article XII. [Ill.Rev.Stat. ch. 110, ¶ 12–1001, as amended by P.A. 87–569, § 1, emphasis added.]

The meaning of this section is unambiguously that a debtor is not allowed to claim property as exempt once "a wage deduction order has been entered." The Illinois legislature has thus confirmed that it is the entry of the wage deduction order that terminates the debtor's interest in the withheld wages.

■ Despite this unambiguous language, GMAC contends that this is not what the Illinois legislature intended, but that it intended to prevent debtors from applying the "wild card" exemption to withheld wages once a wage deduction proceeding has been commenced. GMAC asserts that this intention can be determined from the legislative history. Where a statute is clear and unambiguous, however, it is unnecessary to review the legislative history. *Gang v. United States*, 783 F.Supp. 376, 380 (N.D.Ill.1992) (Rovner, J.). Even if this Court were to resort to a review of the legislative history, "the strong presumption that the plain language of a statute expresses congressional intent is rebutted only in rare and exceptional circumstances, when a contrary legislative intent is clearly expressed." *Gang*, 783 F.Supp. at 380.

The legislative history to the amendment to ¶ 12–1001 states only "that personal property exemptions do not apply to money subject to wage deduction." Bill Analysis SB714, Caleb Melamed, p.1, Synopsis.[2] This one statement is insufficient to contra-

1. In *Coppie* the issue was when a "transfer" occurred under an Indiana wage garnishment for purposes of § 547. The Seventh Circuit concluded that the transfer occurred when the Indiana court entered an order that the judgment was a continuing lien on the wages. The difference between Indiana and Illinois law is that under Illinois law the order is not entered until after the wages have been withheld. *Weatherspoon*, 101 B.R. at 538.

2. GMAC also attached transcripts from House and Senate debates concerning amendments made to the Wage Deduction Act in 1990. Those transcripts do not constitute legislative history to P.A. 87–569, § 1 and clearly can not be used to interpret an amendment that had not yet been proposed.

dict the clear language in the statute requiring the entry of a wage deduction order for the exemptions to be unavailable. Nor is there anything in that statement to indicate that the amendment was intended to change the result in *Weatherspoon*. It remains the law that until a wage deduction order has been entered, a debtor is permitted to claim an exemption in wages held by his employer under a wage deduction proceeding.

■ GMAC raises one more argument. Relying on *Farrey v. Sanderfoot*, — U.S. —, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991), GMAC contends that when the Debtors acquired their interest in the wages those wages were already subject to the garnishment lien; accordingly, there was no 'fixing of a lien' on the debtor's property, as required by § 522(f)(1). In *Farrey* the Supreme Court explained that the term "fixing of a lien" requires the lien to attach at some point after the debtor acquires an interest in the property. "If the fixing took place before the debtor acquired that interest, the 'fixing' by definition was not on the debtor's interest." *Farrey*, — U.S. at —, 111 S.Ct. at 1829. Whether the debtor had an interest in the property before the lien attached is a question of state law. *Farrey*, — U.S. at —, 111 S.Ct. at 1830.

■ Paragraph 12–808(b) of the Illinois statute provides that the wage deduction lien "shall continue as to subsequent earnings...." Ill.Rev.Stat. ch. 110, ¶ 12–808(b). The lien is, therefore, a continuing lien, but it cannot attach until the debtor acquires an interest in the "subsequent earnings". Wages are the proceeds of an employment contract. The continuing wage deduction lien is a lien on the proceeds of a contract right of the debtor that exists before the lien attaches. The right to payment of the wages is earned by performance of the employment contract. The debtor, therefore, acquires an interest in earnings even before they are actually paid, when he performs the work that gives rise to the employer's obligation to pay the wages.

■ The factual situation that led to the holding in *Farrey* was much different. The judicial lien in *Farrey* was created pursuant to a state court divorce decree. Prior to entry of the divorce decree the debtor and his former wife, Farrey, owned the real property as joint tenants. The divorce decree terminated the joint tenancy and awarded the real property to the debtor in fee simple and simultaneously granted Farrey a lien on the real property. Accordingly, when the debtor acquired his interest in the property, he acquired it subject to the judicial lien. This is similar to a debtor buying real property subject to a pre-existing lien. Because the lien would have attached to the property before the debtor acquired an interest in the property, there would be no "fixing of a lien" on the debtor's interest. *See also, In re McCormick*, 18 B.R. 911 (Bankr.W.D.Pa.1982), *aff'd*, 22 B.R. 997 (W.D.Pa.1982).

A wage deduction lien, however, cannot attach until after the debtor has acquired an interest in the wages by earning them. Accordingly, the Court finds that there is a "fixing of a lien on an interest of the debtor" as required by § 522(f)(1). The Debtors claim that property as exempt and those exemptions would be impaired if the liens were not avoided. The Debtors' motions to avoid the liens under § 522(f)(1) and for turnover of the funds withheld by their respective employer pursuant to the wage deduction proceedings are, therefore, granted. Separate orders will be entered in accordance with this opinion.