**In re Gregory L. SIMON and Cynthia A. Simon, Debtors.**

**Gregory L. SIMON, Plaintiff,**

v.

**MERCURY FINANCE CO. and James E. Kohlhorst, Trustee, Defendants.**

**Bankruptcy No. 92 B 52374.
Adv. No. 92 A 5217.**

United States Bankruptcy Court,
N.D. Illinois, W.D.

March 29, 1993.

William L. Balsley, Loves Park, IL, for debtor.

Paul S. Godlewski, Rockford, IL, for Mercury Finance Co.

James E. Kohlhorst, Trustee.

## MEMORANDUM OPINION

RICHARD N. DeGUNTHER, Bankruptcy Judge.

### FACTS

On December 12, 1991, The Debtor obtained a loan from Mercury Finance. As security for the debt, he executed a voluntary wage assignment in favor of Mercury Finance. Upon default, Mercury Finance sought to enforce the terms of the wage assignment by filing a Notice of Intent and a Demand for the Wages upon his employer, Warner Lambert. In compliance with the demand, Warner Lambert deducted $546.93 from the Debtor's wages, most of which was withheld prior to the Chapter 13 petition being filed. The petition was filed November 6, 1992. After the petition was filed, Warner Lambert forwarded the money to the Chapter 13 Trustee. The Debtor seeks an order that the Chapter 13 Trustee turn over these funds to him.

### TWO QUESTIONS

1. When funds are withheld from a debtor's paycheck as a result of a voluntary wage assignment, are they property of the estate under Section 541?

2. If so, could the debtor utilize Section 522(f)(1) to avoid a lien on the funds?

## DISCUSSION

■ There is a difference between a voluntary wage assignment and a garnishment. The former is governed by the Illinois Wage Assignment Act, 740 ILCS 170/.01 et seq, and the principal advantage is that, upon a debtor's default, the creditor can satisfy the debt without having to go to court. *In re Rosol*, 114 B.R. 560, 563 (Bankr.N.D.Ill.1989).

Under this Act, there is a three step process by which the creditor can collect the debtor's wages. First, the creditor holding a wage assignment serves a "notice of intention" on the debtor and the debtor's employer, stating its intention to demand the assigned wages in twenty days or more. Second, if the period specified in the notice ends without the debtor/employee asserting a notice of defense or curing the default, the creditor demands the wages from the debtor's employer. Third, again assuming that the debtor neither notifies the employer of some defense to the assignment nor cures the default, the "employer shall commence payment to the creditor" five days after receipt of the demand.

By contrast, a garnishment is a judicial proceeding in which the creditor uses a court order to obtain satisfaction after a debtor's default. That process is more complex, and is governed by the Illinois Code of Civil Procedure. 735 ILCS 5/12–701 et seq. It involves the issuance of a summons upon the employer, requiring that the employer answer interrogatories. Ultimately the court enters a wage deduction order which directs payment to the creditor.

It is important to note the distinction between a garnishment proceeding and a wage assignment because the issue of whether the withheld funds are property of the estate is analyzed differently under each.[1] Here, the Debtor executed a voluntary wage assignment.

■ Courts look to whether or not the creditor has obtained an unconditional right to payment to determine if the debtor retains an interest in the property. *In re Rosol*, 114 B.R. at 560; *Bryant v. General Electric Credit Corp.*, 58 B.R. 144 (Bankr. N.D.Ill.1986).

In a garnishment proceeding, most courts have held that the creditor's right to payment becomes unconditional when the wage deduction order is entered. *In re Weatherspoon* 101 B.R. 533, 537 (Bankr. N.D.Ill.1989); *In re Meredith*, No. 87 A 3060 (Bankr.N.D.Ill. December 1987); *Bryant*, 58 B.R. at 146. The deduction order relieves the employer of all claims by the debtor and allows the employer to unconditionally pay the wages over to the judgment creditor without risk of liability to the debtor. *Weatherspoon*, 101 B.R. at 537. Prior to the entry of this order, the debtor still has a right to challenge the judgment. After that point, however, the debtor has no standing to assert a claim over the funds, and thus no longer has an interest in the wages.

In a voluntary wage assignment, Judge Wedoff held in the *Rosol* case that the creditor obtains an unconditional right to payment when the three requirements under the Illinois Wage Assignment Act are satisfied. Like the entry of the wage deduction order, this produces a finality after which the debtor no longer has a right to assert an interest in the wages, because the time period for asserting a defense or curing a default has passed. Here, the intent and demand had been served upon Warner Lambert, the Debtor failed to make a response within the prescribed period. Thus, the Debtor no longer has an interest in the funds.

■ There is no need, therefore, to examine whether Section 522(f)(1) would be applicable in this case. Not only did the Debtor not retain an interest in his wages, but wage assignments are voluntary and

---

**1.** Compare *In re Bates*, 148 B.R. 541 (Bankr. N.D.Ill.1993), (in which Judge Wedoff held the debtor still had an interest in the garnished wages even after their wage deduction summons was served on the employer), with *In re Rosol*, 114 B.R. 560 (where Judge Wedoff held the debtor did not have an interest in the wages after the creditor had served a notice and demand on the employer).

revocable at will by the employee, thus are not judicial liens which could be avoided under Section 522(f). *Rosol,* 114 B.R. at 565, 566.

Finally, it might be noted in passing that no one has asked the Court to differentiate between those funds deducted prefiling and those deducted post-filing. It is interesting to speculate, however, whether the post-filing deductions were in violation of the automatic stay, thus void.

Attorney Godlewski should submit an Order consistent with this Memorandum Opinion, denying the Debtor's Complaint for Turnover, and ordering the funds held by the Chapter 13 Trustee be paid to Mercury Finance Co.