In re Brenda BATES, Debtor.

**GENERAL MOTORS ACCEPTANCE CORPORATION, Appellant,**

v.

**Brenda BATES, Appellee.**

No. 93 C 0773.

United States District Court,
N.D. Illinois, E.D.

Nov. 30, 1993.

Michael L. Sherman, Sherman & Sherman, Chicago, IL, for appellant.

Melvin J. Kaplan, Law Offices of Melvin J. Kaplan, Chicago, IL, for appellee.

## MEMORANDUM OPINION AND ORDER

HOLDERMAN, District Judge:

This matter has come before this court on appeal from the United States Bankruptcy Court for the Northern District of Illinois. Appellant General Motors Acceptance Corporation ("GMAC") appeals Judge Eugene R. Wedoff's order of January 6, 1993 granting debtor/appellee Brenda Bates' motion to avoid appellant GMAC's wage deduction lien under section 522(f) of the United States Bankruptcy Code, 11 U.S.C. § 522(f). For the reasons stated below, this court affirms the decision of the bankruptcy court.

## BACKGROUND

The relevant facts in this matter are undisputed. On August 2, 1991, GMAC obtained a judgment against the debtor in the amount of $6,584.52 plus court costs. On June 25, 1992, GMAC attempted to collect this judgment by instituting a wage deduction proceeding under Illinois law. GMAC filed an affidavit for wage deduction order causing a wage deduction summons to be served on the debtor's employer.[1] Under Illinois law, service of a wage deduction summons imposes a lien on the debtor's deducted wages.[2]

The return date for the wage deduction summons was October 9, 1992.[3] However, the debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code on August 27, 1992. Consequently, the state court never entered a wage deduction order in this case. Prior to the debtor filing the petition for relief in bankruptcy, the debtor's employer had deducted $312.87 of the debtor's wages pursuant to the wage deduction summons. The debtor's employer is still holding that $312.87 of the debtor's wages pursuant to the wage deduction summons.

After filing the petition for relief in bankruptcy, the debtor claimed the $312.87 of deducted wages as exempt property pursuant to 735 ILCS 5/12–1001(b), Ill.Rev.Stat. 110, para. 12–1001(b), which entitles a debtor to claim an exemption not exceeding $2,000 in personal property. The debtor sought to avoid GMAC's wage deduction lien pursuant to Section 522(f)(1) of the Bankruptcy Code,

---

1. This summons required debtor's employer to withhold a portion of the debtor's wages subject to an order of the state court. *See* 735 ILCS 5/12–808(b), Ill.Rev.Stat. ch. 110, para. 12–808(b).

2. *See* 735 ILCS 5/12–808(b), Ill.Rev.Stat. ch. 110, para. 12–808(b).

3. At any time on or before the return date, interested parties may request a hearing to dispute the propriety of the wages deducted pursuant to the wage deduction summons. *See* 735 ILCS 5/12–805, Ill.Rev.Stat. ch. 110, para. 12–805 and 735 ILCS 5/12–811(b), Ill.Rev.Stat. ch. 110, para.

12–811(b). The request for a hearing must be made on or before the return date specified on the summons. *Id.* If a hearing is requested to challenge the wage deduction, the state court will enter a wage deduction order after the hearing is held. *Id.* If a hearing is not requested the state court may enter a wage deduction order on or after the return date. A wage deduction order directing an employer to deliver the deducted wages to the judgment creditor, discharges the employer of all claims by the judgment debtor to the wages delivered pursuant to the order. *See* 735 ILCS 5/12–812, Ill.Rev.Stat. ch. 110, para. 12–812.

11 U.S.C. § 522(f)(1).[4] The bankruptcy court granted the debtor's motion to avoid GMAC's wage deduction lien.

### ANALYSIS

The facts are undisputed in this case. Appellant GMAC raises on appeal only questions of law. Therefore, this court reviews the bankruptcy court's legal conclusions *de novo*. *In the Matter of UNR Industries, Inc.*, 986 F.2d 207, 208 (7th Cir.1993).

Appellant GMAC argues that the debtor's motion to avoid its lien on her deducted wages should be denied because the debtor retained no property interest in the deducted wages; the debtor is no longer permitted to avoid a lien on wages under Illinois law; and the debtor cannot avoid an Illinois wage deduction lien under Section 522(f) of the Bankruptcy Code.

I. *The Debtor's Interest in the Deducted Wages*

Appellant argues that the prepetition service of a wage deduction summons, pursuant to Illinois wage deduction law, divested the debtor of her property interest in the properly deducted wages. Therefore, appellant contends, the deducted wages never became part of the debtor's estate, and the debtor could not claim them as exempt property under Section 522(f) of the Bankruptcy Code. The bankruptcy court rejected appellant's argument and held that the entry of a wage deduction order, not the service of summons, deprives a debtor of her interest in deducted wages. *In re Bates*, 148 B.R. 541 (Bankr. N.D.Ill.1993). The holding of the bankruptcy court in this case is consistent with the decisions in *In re Garcia*, 155 B.R. 173 (N.D.Ill. 1993); *Bryant v. General Electric Credit Corp.*, 58 B.R. 144, 145 (N.D.Ill.1986); *In re Waltjen*, 150 B.R. 419, 423 (Bankr.N.D.Ill. 1993); and *In re Weatherspoon*, 101 B.R. 533, 541 (Bankr.N.D.Ill.1989).

This court also rejects GMAC's argument and finds that the debtor retained a property interest in the deducted wages until the entry of a wage deduction order. The Illinois wage deduction statute has not clearly defined what property interest a debtor retains in her wages after the service of a wage deduction summons. However, it is apparent to this court that the debtor retains some interest in the deducted wages after the service of the wage deduction summons because, under Illinois law, until the entry of a wage deduction order, the debtor has a statutory right to request a hearing to dispute the propriety of the wage deduction. *See* 735 ILCS 5/12–811(b), Ill.Rev.Stat. ch. 110, para. 12–811(b). If the debtor has standing to challenge the propriety of the wage deduction, the debtor must retain some property interest in the deducted wages. *See In re Garcia*, 155 B.R. 173, 175 (N.D.Ill. 1993) (citing *Bryant v. General Electric Credit Corp.*, 58 B.R. 144, 145 (N.D.Ill.1986)).

GMAC also argues that because the debtor's wages in this case were being "properly" withheld (not subject to any exemption), the debtor has no property interest in these wages because under the Illinois wage deduction statute the debtor could never reclaim properly deducted wages. The court agrees with GMAC's conclusion, however, the court finds that GMAC's conclusion is based on a faulty assumption. GMAC assumes that the debtor's wages were properly deducted. Until the debtor and the debtor's other creditors, aside from GMAC, have had the opportunity to have a hearing regarding the propriety of the wage deduction and the court enters a wage deduction order, there can be no certainty regarding whether the debtor's wages were properly withheld.

Because a state court has never entered a wage deduction order in this case, the propriety of the wage deduction has not been determined and the debtor has retained a property interest in the deducted wages. That property interest of the debtor became part of the debtor's estate when she filed for bankruptcy.

II. *Exemptions Under Illinois Law*

GMAC argues that even if the debtor has a property interest in the deducted wages, un-

---

**4.** Section 522(f) allows a debtor to avoid a judicial lien "to the extent that such lien impairs an exemption to which the debtor would have been entitled." 11 U.S.C. § 522(f). A debtor claims an exemption from property of the estate. 11 U.S.C. § 522(b).

der Illinois law, she is prevented from exempting the wages withheld pursuant to the wage deduction summons. The court disagrees with appellant GMAC's assessment of Illinois property exemption law.

▪ Under Illinois personal property exemption law, 735 ILCS 5/12–1001(b), Ill. Rev.Stat. ch. 110, paras. 12–1001(b) (1991), a debtor has the right to exempt from judgment the debtor's equity interest in personal property in an amount not exceeding $2,000. However, the debtor is prohibited from exempting "any wages due or to become due to the debtor that were required to be withheld *and upon which a wage deduction order has been entered* under part 8 of Article XII [the wage deduction statute]." (emphasis added) 735 ILCS 5/12–1001(h), Ill.Rev.Stat. ch. 110, para. 12–1001(h). GMAC argues that this prohibition applies to all wages deducted pursuant to a wage deduction summons, regardless of the entry of a wage deduction order. This court rejects GMAC's argument. The only possible interpretation of the plain language in section 12–1001 is that a debtor cannot exempt wages deducted by the debtor's employer if the wage deduction has been confirmed by a court order. *See In re Garcia*, 155 B.R. 173, 175 (N.D.Ill.1993). *See also, In re Waltjen*, 150 B.R. 419, 424 (Bankr.N.D.Ill.1993). Because no wage deduction order was entered in this case, section 12–1001 does not prevent the debtor from claiming her withheld wages as an exemption.

III. *Lien Avoidance Under Section 522(f)(1)*

Section 522(f) of the Bankruptcy Code, 11 U.S.C. § 522(f), permits a debtor to avoid the "fixing of a lien on an interest of the debtor in property to the extent the lien impairs an exemption." 11 U.S.C. § 522(f)(1). GMAC contends that the debtor cannot avoid GMAC's lien on the debtor's wages because there was no "fixing of a lien" on the debtor's property as is required by § 522(f)(1).

In *Farrey v. Sanderfoot*, 500 U.S. 291, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991), the United States Supreme Court stated that the "fixing of a lien" must take place after the debtor acquires an interest in the property.

"Therefore, unless the debtor had the property interest to which the lien attached at some point *before* the lien attached to that interest, he cannot avoid the fixing of the lien under the terms of § 522(f)(1)." *Farrey*, 500 U.S. at ——, 111 S.Ct. at 1829.

▪ Appellant GMAC argues that because the debtor never had an unencumbered interest in the deducted wages, the debtor cannot avoid GMAC's lien on the debtor's wages under § 522(f)(1). Appellant contends that its wage deduction lien attached simultaneously with the acquisition of any interest in the deducted wages by the debtor. This court rejects appellant's argument and agrees with the bankruptcy court's finding that the debtor had a property interest in the wages that were subject to GMAC's lien prior to the "fixing" of the lien, allowing the debtor to avoid the lien under § 522(f)(1).

The debtor acquired an interest in her earnings when she performed the services for her employer. *See In re Garcia*, 149 B.R. 530, 534 (Bankr.N.D.Ill.), *aff'd*, 155 B.R. 173 (N.D.Ill.1993). GMAC's lien became fixed after the debtor performed those services and acquired a property right in her wages. Therefore, according to the Supreme Court's decision in *Farrey*, the debtor may avoid the fixing of GMAC's lien arising from its wage deduction summons pursuant to section 522(f)(1).

### CONCLUSION

For the reasons stated above, the bankruptcy court's January 6, 1993 decision granting the debtor's motion to avoid appellant GMAC's lien on the debtor's wages pursuant to section 522(f)(1) of the United States Bankruptcy Code is AFFIRMED.