**In re Arthur YOUNGBLOOD, Debtor.**

**Bankruptcy No. 97 B 10141.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Sept. 16, 1997.

Theresa Unkrur, Benjamin & Associates, Chicago, IL, for Movant/Debtor.

Robert Katz, Chapter 7 Trustee.

### MEMORANDUM OPINION ON DEBTOR'S UNCONTESTED MOTION TO AVOID WAGE DEDUCTION LIEN AND FOR TURNOVER OF FUNDS

JACK B. SCHMETTERER, Bankruptcy Judge.

This proceeding relates to the bankruptcy case originally filed by Arthur Youngblood ("Debtor") under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.* on April 3, 1997. Debtor moved to avoid a wage deduction lien imposed pre-bankruptcy against his wages following state court judgment in favor of the Bank of Calumet ("Bank") and for turnover of withheld wages (amounting when the motion was filed to $1,116.55) to Debtor's attorney for attorney's fees. He argues that the wage deduction lien is a voidable lien under § 522(f)(1) of the Code as a judicial lien which impairs the Debtor's "wildcard exemption" in personal property provided under Illinois law. The Bank, although noticed, did not appear or brief the issue.

As the Illinois statute upon which the asserted exemption is based was amended prior to the filing of this bankruptcy case, the Debtor was asked to brief the continuing applicability of the amended Illinois exemptions to debtor's withheld wages. The language of the statute now expressly disallows an exemption for any "wages due or to become due to the debtor that are required to be withheld in a wage deduction proceeding under [the Illinois wage deduction law]." However, because Debtor scheduled his claim that withheld the wages as exempt and no party in interest objected within the requisite period, the wages became incontestably exempt under § 522(*l*) despite the change in state law. As discussed below, the lien on those wages may therefore be avoided pursuant to § 522(f)(1)(A).

### BACKGROUND

Prior to Debtor's filing of his bankruptcy petition, the Bank obtained a state court judgment against Debtor and caused wage deduction summons to be served on Debtor's employer to impose a lien on wages. The wage deduction summons gave April 16, 1997, as the return date whereby the Debtor could request a hearing and challenge the wage deduction pursuant to 735 ILCS 5/12–805. Upon receipt of the wage deduction summons, Debtor's employer, ACME Steel ("ACME"), began to withhold a percentage of Debtor's wages, starting with the salary due January 28, 1997. ACME is currently holding $1,116.55 that was deducted from Debtor's wages.

Prior to the summons return date, Debtor filed this bankruptcy petition. As a result, no final wage deduction order has been entered. On his bankruptcy schedules, Debtor listed his monthly wages as exempt property pursuant to 735 ILCS 5/12–1001(b), listing

the same as exempt in the amount of $1,537.34. The creditors' meeting was held under 11 U.S.C. § 341 on May 8, 1997. At no time did the Chapter 7 party in interest object to Debtor's claims of exemption. On August 5, 1997, Debtor received his discharge in bankruptcy, and on August 11, 1997, the bankruptcy case was closed. It was reopened to consider the instant motion.

## DISCUSSION

### Jurisdiction and Procedure

Subject matter jurisdiction lies under 28 U.S.C. § 1334. This matter is before the Court pursuant to 28 U.S.C. § 157 and Local General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. Venue lies properly under 28 U.S.C. § 1409. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A).

Debtor initially points out that his motion to avoid the garnishment lien is uncontested. A bankruptcy judge may review the merits of an uncontested motion, but should deny the motion if it lacks merit basis for the relief sought. *In re Julius Franklin, Pamela B. Brown, Sandra Ramirez,* 210 B.R. 560, 562 (Bankr.N.D.Ill.1997). "Courts are not required to grant a request for relief simply because the request is unopposed." *Id.* (collecting cases). Thus, it is appropriate to review Debtor's motion despite lack of objection from the Bank or any party in interest.

### Avoidance of a Wage Deduction Lien

Debtor wishes to avoid the wage deduction lien on his wages pursuant to 11 U.S.C. § 522(f)(1)(A) and 735 ILCS § 5/12–1001(b). Section 522(f)(1)(A) provides that a debtor may avoid the fixing of a judicial lien "on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled." 11 U.S.C. § 522(f)(1)(A); *see also In re Vasquez,* 205 B.R. 136, 137 (Bankr. N.D.Ill.1997). Thus, there are four requirements to avoid a judicial lien, "(1) the lien the debtor seeks to avoid is a judicial lien; (2) the debtor claims an exemption in the property to which the debtor is entitled under

§ 522(b); (3) the creditor's lien impairs debtor's exemption; and (4) the debtor has an interest in the property." *Johnson v. Ford Motor Credit Co. (In re Johnson),* 53 B.R. 919, 922 (Bankr.N.D.Ill.1985), *motion for reconsideration denied,* 57 B.R. 635 (Bankr.N.D.Ill.1986).

A judicial lien is a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(36). A garnishment or wage deduction lien is a such a creature. *See Vasquez,* 205 B.R. at 138; *Franklin, Brown, Ramirez,* 210 B.R. at 563; *In re Waltjen,* 150 B.R. 419, 425 (Bankr.N.D.Ill.1993). The lien involved here covers Debtor's wages to which Debtor claims an exemption. The issue now presented is whether Debtor is entitled to that exemption under 11 U.S.C. § 522.

Section 522(b) allows a debtor to exempt certain property from property of the bankruptcy estate. A debtor may either use the federal exemptions listed in § 522(d) or may use applicable state exemptions unless the applicable state law provides otherwise. Illinois law requires a resident-debtors to use the state authorized exemptions. 735 ILCS 2–1201; *In re Garcia,* 149 B.R. 530, 533 (Bankr.N.D.Ill.), *aff'd,* 155 B.R. 173 (N.D.Ill. 1993). Under the Illinois exemptions, a debtor is permitted to exempt the debtor's equity interest up to $2,000 in miscellaneous personal property. 735 ILCS § 5/12–1001(b). This is colloquially referred to as the "wildcard exemption." *In re Doyle,* 209 B.R. 897, 903 (Bankr.N.D.Ill.1997); *Franklin, Brown, Ramirez,* 210 B.R. at 564. However, this section as amended now provides that "[t]he personal property exemptions set forth in this Section shall not apply to or be allowed against any money, salary, or wages due or to become due to the debtor *that are required to be withheld in a wage deduction proceeding* under Part 8 of this Article XII." 735 ILCS § 5/12–1001 (emphasis added). Prior to the amendment which became effective December 31, 1996, this section read:

> The personal property exemptions set forth in this Section shall not apply to or be allowed against any money, salary, or wages due or to become due to the debtor

*that were required to be withheld and upon which a wage deduction order has been entered under part 8 of Article XII.* Ill.Rev.Stat. ch. 110, ¶ 12–1001, effective January 1, 1992 (emphasis added).

Any wage deduction proceeding is initiated by a judgment creditor filing an affidavit stating the creditor's belief as to identity of the judgment debtor's employer and including a set of interrogatories for the employer to answer. 735 ILCS § 5/12–805. The clerk of the state court then issues a summons commanding the employer to answer the interrogatories. *Id.* The creditor then serves the employer with the summons, judgment, interrogatories, and a wage deduction notice to be served on the employer. 735 ILCS § 5/12–806. This creates a lien on the deducted wages in favor of the creditor. 735 ILCS § 5/12–808(b). The employer must then begin deducting a portion of the wages. A hearing is then held, after which the court issues an order determining the rights of parties claiming an interest in the wages deducted by the employer. 735 ILCS 5/12–811, 812; *Franklin, Brown, Ramirez,* 210 B.R. at 563. However, under state law the judgment debtor retains an interest in the withheld wages until the wage deduction order is entered. *Bryant v. General Electric Credit Corp.,* 58 B.R. 144, 146 (N.D.Ill.1986); *In re Bates,* 148 B.R. 541, 544–45 (Bankr. N.D.Ill.), *aff'd,* 161 B.R. 965 (N.D.Ill.1993).

Prior to the December 31, 1996, amendment to 735 ILCS § 5/12–1001(b), the law was well settled that the wildcard exemption could be used to exempt wages which were subject to a wage garnishment proceeding so long as no final wage deduction order had been issued. *Bates,* 161 B.R. at 968; *Waltjen,* 150 B.R. at 425; *In re Garcia,* 155 B.R. 173, 176 (N.D.Ill.1993); *Garcia,* 149 B.R. at 533 ("The Illinois legislature has thus confirmed that it is the entry of the wage deduction order that terminates the debtor's interest in the withheld wages.").

As stated, however, 735 ILCS § 5/12–1001 was amended to provide that the wildcard exemption would not apply to wages withheld in a wage deduction proceeding. The amendment entirely eliminated the former language requiring that a wage deduction order be entered before the exemption became inapplicable. The language of the amended statute is clear. Wages which have been withheld pursuant to the initiation of a wage deduction proceeding are not exemptible under 735 ILCS § 5/12–1001(b), even if the final wage deduction order for turnover of these funds has not been entered. Where statutory language is clear, the inquiry is over. *United States v. Hudspeth,* 42 F.3d 1015, 1022 (7th Cir.1994), *cert. denied,* 515 U.S. 1105, 115 S.Ct. 2252, 132 L.Ed.2d 260 (1995). Withheld wages are no longer subject to the wild card exemption. The Illinois legislature in its collective wisdom has decided upon an amendment clearly drafted to provide that working people cannot be allowed to use that exemption to protect their wages following service of the wage deduction summons, as they might use it to protect garnisheed bank accounts (should debtors on the eve of bankruptcy still have bank accounts!) and that is the present state of Illinois law.

Debtor argues that amended 735 ILCS § 5/12–1001 is limited to garnishment proceedings and does not affect lien avoidance remedies. He correctly points out that exemption statutes are to be liberally construed in favor of the debtor. *Matter of Barker,* 768 F.2d 191, 196 (7th Cir.1985); *In re Jackson,* 95 B.R. 590, 593 (Bankr.C.D.Ill.1989); *In re Dealey,* 204 B.R. 17, 18 (Bankr.C.D.Ill.1997). However, Debtor also argues that the legislative intent behind the amendment was only to prevent judgment debtors from abusing the section and delaying issuance of a proper wage deduction order. Debtor's Motion at 3. Debtor contends that, because the exemption section mentions no other statutory scheme except for wage deductions, the section only applies to wage deduction.

Obviously, § 5/12–1001 itself is applicable to bankruptcy proceedings. As stated, where statutory language is clear on its face, no inquiry into legislative intent is required. Moreover, Debtor points to no legislative history restricting this section. "The only reasonable interpretation of this language is that deducted wages are not subject to Illinois personal property exemptions; the language governs the type of property that may be

claimed exempt, not the type of proceeding in which the exemption may be claimed." *Franklin, Brown, Ramirez,* 210 B.R. at 564.

■ Debtor argues that the legislative history of the amended section reflects only a minimal change to Illinois exemption law, Debtor's Motion at 3, and submits a portion of an Illinois Senate transcript. However review of the submitted materials failed to disclose any legislative commentary which would support this aspect of Debtor's position. Debtor states that there was very little legislative debate which accompanied the passage of this section and that the lack of debate "indicates that no major change in the Illinois personal property exemption law was contemplated." Debtor's Motion at 3. Under Illinois law, however, the length of debate has little impact on statutory interpretation. "Under the rules of statutory construction, changes in wording and phrasing will be presumed to have been deliberately made. If words used in a prior statute to express a certain meaning are omitted [from the later statute] it will be presumed that a change of meaning was intended." *In re Marriage of Sutton,* 136 Ill.2d 441, 447, 145 Ill.Dec. 890, 892–93, 557 N.E.2d 869, 871–72 (1990) (collecting cases); *see also Forest City Erectors v. Industrial Com'n,* 264 Ill.App.3d 436, 440, 201 Ill.Dec. 537, 540, 636 N.E.2d 969, 972 (1st Dist.1994) ("This court must give effect to the amended law in a manner consistent with the amendment."). Here, exemption of wages affected by wage deduction summons was clearly eliminated.

Debtor offered no history bearing on legislative intent to show that this change was anything but deliberate. *See People v. Woodard,* 175 Ill.2d 435, 449, 222 Ill.Dec. 401, 408, 677 N.E.2d 935, 942 (1997) ("Generally a material change in the language of an unambiguous statute creates a presumption of a change in legal rights, although it can be rebutted by evidence of contrary legislative intent."). For whatever reasons founded in social policy, economic pressures, party politics, attitudes about capital and labor, or whatever mixture of populist causes that bring about statutory changes in our feisty democracy, the law has been amended and Illinois debtors may no longer rely on the wild card exemption to exempt property once a wage deduction summons has been served.

Debtor cites several bankruptcy opinions from this District which held that the wild-card exemption may be applied to wages withheld under a wage deduction summons, and before the entry of a final wage deduction order. *Garcia,* 155 B.R. 173; *Waltjen,* 150 B.R. 419; *Bates,* 148 B.R. 541; *Bates,* 161 B.R. 965. However, all those cases were decided in 1993, long before the effective date of the current amendment. Debtor is not entitled to exempt his deducted wages pursuant to 735 ILCS 5/12–1001(b).

■ The inquiry cannot end there, however, because even though Debtor was not entitled to exempt his withheld wages, he listed those wages as exempt and the amount claimed as exempt exceeded the amount of wages withheld. Pursuant to 11 U.S.C. § 522(*l*), if no party in interest objects to a claimed exemption, such property is incontestably exempt. Fed. R. Bankr.P. 4003 requires the trustee or any creditor to file objections within 30 days after the meeting of creditors. No such objections were filed in this case. The Supreme Court and a panel of the Seventh Circuit have held that, even where a debtor has no colorable basis for claiming an exemption, once the 30–day period has expired, the property is considered exempt. *Taylor v. Freeland & Kronz,* 503 U.S. 638, 643–44, 112 S.Ct. 1644, 1648–49, 118 L.Ed.2d 280 (1992); *Matter of Kazi,* 985 F.2d 318 (7th Cir.1993). Thus, the pertinent issue must be refocused: Can this Debtor avoid the lien on his wages even though under Illinois law he is not entitled to the exemption?

Several bankruptcy courts have held that the 30–day exempt-by-default application of § 522(*1*) and Rule 4003 does not apply to lien avoidance motions. *In re Moe,* 179 B.R. 654, 655 (Bankr.D.Mont.1995) (collecting cases). The second § 522(f)(1) requirement for avoiding a judicial lien is that the debtor be entitled to the exemption under § 522(b). An exemption by default is pursuant to § 522(*l*). The lien has therefore been held not to be avoidable under § 522(f)(1). *Id.* (citing *In re Mohring,* 142 B.R. 389, 394 (Bankr.E.D.Cal.1992), *aff'd,* 153 B.R. 601 (9th

Cir. BAP 1993), *aff'd*, 24 F.3d 247 (9th Cir. 1994); *In re Morgan*, 149 B.R. 147, 151–52 (9th Cir. BAP 1993)).

Bankruptcy Judge Wedoff of this District recently analyzed the same issue and determined that to allow a debtor to avoid a lien on property deemed exempt solely pursuant to § 522(*l*) would ignore one requirement of § 522(f). He reasoned that the lien avoidance provision only applies to an exception the debtor would have been entitled to under § 522(b). *Franklin, Brown, Ramirez*, 210 B.R. at 564. Bankruptcy Judge Squires, also in this District, came to a contrary view in *Vasquez*, 205 B.R. at 138.

However, well reasoned as Judge Wedoff's decision was, to hold likewise in this case would be to fly in the face of the Supreme Court and the Seventh Circuit rulings *Taylor* and *Kazi*. The debtor in the Supreme Court's *Taylor* opinion did not have a right to exempt more than a small portion of proceeds from a discrimination suit, yet he claimed the full amount as exempt. 503 U.S. at 642, 112 S.Ct. at 1647. The trustee there had opportunity to object to the claimed exemption but failed to do so. *Id.* at 642, 112 S.Ct. at 1647–48. The opinion held that the trustee's failure to object forever barred him from doing so. *Id.*

The Seventh Circuit ruled similarly in *Kazi* and expressly noted that the 30–day time limit should be interpreted literally. 985 F.2d at 322. "It would be inconsistent with *Taylor's* emphasis on finality to allow objecting parties to raise the issue of the debtor's actual notice of opposition to the claimed exemption after the 30–day period has run." *Id.*

As stated, § 522(*l*) expressly provides that the debtor "shall file a list of property that the debtor claims as exempt under subsection (B) of this section," and if there are no timely objections, the property is exempt. To hold that this incontestably exempt property remains subject to a lien which impairs the exemption and gobbles up the withheld money would contradict that which the Seventh Circuit and the Supreme Court have clearly mandated. As noted in *Kazi*, it would be inconsistent with *Taylor's* emphasis on finality to allow an exemption under § 522(*l*), but then moot that exemption.

Moreover, the instant motion to avoid the lien was originally served on all creditors but no creditor or party in interest has objected. Thus, any due process concerns at this point are moot. The parties affected have long been on notice and have not stepped forward to assert any position.

Thus, the second prong of § 522(f)(1) has been met. *See Vasquez*, 205 B.R. at 138.

As for the third and fourth requirements of § 522(f)(1), the garnishment lien clearly impairs Debtor's exemption. Exempt property is impaired when the lien and the amount of the exemption that could otherwise be claimed exceed the value that the debtor's interest in the property would have in the absence of any liens. 11 U.S.C. 522(f)(2)(A). The wildcard exemption is $2,000.00, the amount of exemption claimed herein was $1,537.34, and the amount of wages withheld was less than the claimed exemption. Thus, Debtor's exemption is impaired.

■ Finally, Debtor must have an interest in the property. It is well established that under Illinois law, the debtor maintains an interest in garnished wages until a final wage deduction order is entered. *See Vasquez*, 205 B.R. at 138.

Thus, Debtor may avoid this lien pursuant to § 522(f)(1)(A).

### *Attorney's Fee Request*

■ Debtor further requests that the recovered funds be turned-over to Debtor's counsel pursuant to an asserted agreement between Debtor and Debtor's attorney. Debtor's counsel maintains that the fees were reasonable and not extraordinary, and further maintains that substantial services were performed in advance of being paid. However, counsel has not submitted any time sheets to the Court demonstrating what services were performed in this no-asset bankruptcy, nor has counsel noticed up or filed any petition for attorney's fees under 11 U.S.C. § 329. Thus, the matter is not ripe for judicial determination. The withheld funds will be returned pursuant to separate order requiring that they be made payable to

both Debtor and Debtor's counsel. Should those parties agree on a division, there will be no need for this Court to resolve that question.

### *CONCLUSION*

For reasons stated above and pursuant to a separate order, Debtor's motion to avoid lien will be granted under 11 U.S.C. § 522(f)(1)(A).