In re Lamar **CHAPMAN III** and Vanessa M. Chapman,
Debtors.

Lamar **CHAPMAN III**, Plaintiff,

v.

**CURRIE MOTORS, INCORPORATED,**
Defendant.

**Bankruptcy No. 92 B 14548.
Adv. No. 92 A 1501.**

United States Bankruptcy Court, N.D. Illinois, E.D.

May 4, 1993.

Lamar Chapman, appearing pro se.

Adrienne M. Zibelman, Burton Berger and Associates, Chicago, IL, for defendant Currie Motors, Inc.

### MEMORANDUM OPINION ON DEFENDANT'S MOTIONS TO DISMISS

JACK B. SCHMETTERER, Bankruptcy Judge.

Debtor Plaintiff Lamar Chapman filed this *pro se* adversary complaint seeking to disallow the claim filed by defendant Currie Motors, Inc. ("Currie Motors") and to force Currie Motors to pay a judgment allegedly due to Debtor. Currie Motors moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), and for sanctions under Fed.R.Bankr.P. 9011. For reasons stated below, the motion of Currie Motors is allowed. By separate order, debtor's complaint is dismissed, and the motion for sanctions is set for hearing.

### PROCEDURAL BACKGROUND

Mr. Chapman filed a petition for relief pursuant to Chapter 13 of the Bankruptcy Code, 11 U.S.C. §§ 1301 *et seq.*, jointly with his wife Vanessa Chapman, on June 30, 1992. As of this date, no plan has been confirmed.

Currie Motors filed its proof of claim in this bankruptcy proceeding on October 29, 1992, claiming an unsecured debt in the amount of $710.35. The basis for this claim is a judgment order entered on May 22, 1992 by the Circuit Court of Cook Coun-ty in *Chapman v. Currie Motors*, Case No. 90 M1 134636, which states:

> This cause coming on the 2 petitions of defendants Currie Motors ... for sanctions[,] fees [and] costs[;] the court having [sic] arguments from Mr. Chapman and the attorney for defendants:

> It is hereby ordered that the defendants Currie Motors ... are awarded [illegible] costs in the amount of $710.35, and Judgment is hereby entered in their favor and against Lamar Chapman III in the amount of $710.35 and execution to issue thereon....

### FACTUAL ALLEGATIONS

Paragraphs 6 through 15 of Chapman's complaint purports to respond to this claim. Chapman admits that Currie Motors has a judgment against him by admitting to ¶¶ 1–5 of the proof of claim. The only assertion that Chapman denies is the statement in ¶ 6 of the form which states, "[t]he amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor." The basis for Chapman's position is that Currie Motors owes him money for a judgment allegedly entered in that same state court case.

Chapman then goes on to allege that he was formerly employed by Currie Motors and obtained a judgment against it based on a default judgment entered on May 4, 1992. Attached to the complaint is a docket entry in Case No. 90 M1 134636 which states that "Default and Conditional Judgment vs. (employer) defendant Currie Motors ($204,621.79) ...". There is also a notation in the entry which states, "EMPLOYER SUM.FLD.RET.SERV[the remainder of this word is illegible]". This order was allegedly entered because Currie Motors failed to appear in court or answer a summons. Based on this conditional default judgment, Chapman alleges that Currie Motors owes him $204,621.79 which must be set off against Currie's claim and the balance paid to him. Complaint, ¶ b. Based on his prayer for relief, the Court treats Chapman's request for payment on

his judgment as a counterclaim filed in response to Currie Motors' claim.

### Jurisdiction

This matter is before the Court pursuant to 28 U.S.C. § 157 and is referred here under Local District Court Rule 2.33. Subject matter jurisdiction lies under 28 U.S.C. § 1334(b).

Since Chapman is objecting to Currie Motors' proof of claim as well as filing a counterclaim thereto, the controversy between them is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (C). *In re Chapman,* 132 B.R. 132, 142 (Bankr.N.D.Ill. 1991).

### Procedural Standards for Motions to Dismiss

In order for the defendant to prevail on its motion to dismiss, it must appear from the pleadings that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Gorski v. Troy,* 929 F.2d 1183, 1186 (7th Cir.1991). The issue is not whether the plaintiff can ultimately prevail, but whether he has pleaded a cause of action sufficient to entitle him to offer evidence in support of his claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Perkins & Gaynor v. Silverstein et al.,* 939 F.2d 463, 466 (7th Cir.1991). When reviewing a motion to dismiss, the court must consider both well-pleaded facts and reasonable inferences drawn therefrom in a light most favorable to the plaintiff. *Gorski v. Troy,* 929 F.2d at 1186; *Corcoran v. Chicago Park District,* 875 F.2d 609 (7th Cir.1989).

### Facts Outside the Complaint Argued by Defendants

■ In its arguments, Currie Motors referred to facts and documents outside of the complaint which are asserted to establish that Mr. Chapman's asserted judgment against it was later voided by subsequently entered state court orders. These facts were not referenced in Chapman's com-

plaint. Therefore, they are outside of the pleadings. *See Venture Associates Corp. v. Zenith Data Systems Corp.,* 987 F.2d 429 (7th Cir.1993) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim").

Rule 12(b), Fed.R.Civ.P. (Fed.R.Bankr.P. 7012) provides,

> If, on a motion ... to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Rule 12(b) thus presents a trial court with a choice when movants present materials beyond the pleadings. A court can either accept the materials and treat the motion as one for summary judgment under Fed.R.Civ.P. 56, or refuse the materials and exclude them from consideration. A court has "complete discretion" in deciding which option to choose. *Fonte v. Bd. of Managers of Continental Towers Condo.,* 848 F.2d 24, 25 (2nd Cir.1988); *Isquith v. Middle South Utilities, Inc.,* 847 F.2d 186, 193 n. 3 (5th Cir.), *cert. denied,* 488 U.S. 926, 109 S.Ct. 310, 102 L.Ed.2d 329 (1988); 5A Wright & Miller, *Federal Pract. & Proc.* § 1366. In this case, following a hearing with all parties present, after defendant's counsel made clear there was no intent to seek summary judgment, the Court exercised its discretion not to treat the defendant's pleading as a motion for summary judgment. Therefore, factual references in Currie Motors' motion, and arguments that are outside the Complaint, as well as the documents attached thereto which lie outside the pleadings, were and are excluded and not considered for purposes of deciding this motion. Likewise, plaintiff's new factual assertions contained in his "sur Reply" are not considered for

purposes of passing on the motion to dismiss complaint.

## DISCUSSION

 This complaint fails to state a claim for one simple reason: Chapman's complaint does not show or plead that he has a final and enforceable judgment against Currie Motors. The full basis for the May 4, 1992 order is not detailed in the complaint. However, by its terms, the alleged order purports to be a "Default *and Conditional* Judgment". Chapman alleges that it was entered pursuant to 735 ILCS 5/2–1301 (formerly Ill.Rev.Stat. ch. 110, § 2–1301), the provision in the Illinois Code of Civil Procedure that provides generally for the entry of judgments. However, this is merely a legal conclusion, and there are no facts to support this. More likely, based on the notations in the docket entry, this order was entered pursuant to 735 ILCS 5/12–807 (formerly Ill.Rev.Stat. ch. 110, § 12–807). This provision provides for entry of a conditional judgment against employers for failing to answer wage deduction summonses. Such orders do not ripen into enforceable judgments until an order confirming the conditional judgment is entered. *Id.*, 5/12–807. There is no allegation showing that such a confirmation order was ever entered in Chapman's case. Therefore, no facts are pleaded to indicate that this conditional judgment ripened into a final judgment. *Cf. Peters v. Welsh Dev. Agency*, 920 F.2d 438, 439 (7th Cir.1990) (an order that anticipates further proceedings concerning conditions imposed on a judgment is not a final order).

Without a final, enforceable judgment, Chapman has no right to collect his asserted judgment debt from Currie Motors. He has not asserted here the underlying claim asserted by him in the state court case. Consequently, there is no basis for Chapman's demand in this case for money from Currie Motors or for his objection to its proof of claim that rests on the conditional judgment.

### *Sanctions*

Currie Motors asks for sanctions under Fed.R.Bankr.P. 9011 as part of its motion to dismiss. For reasons discussed in this Court's Memorandum Opinion dismissing the complaint in plaintiff's other adversary case, *Chapman v. Burton Berger & Associates*, 154 B.R. 258, there are grounds for considering this request. A hearing to do so is set by separate order.

## *CONCLUSION*

Accordingly, by order entered today, Chapman's complaint is entirely and finally dismissed against Currie Motors, and the objection to its claim is overruled. However, a further hearing is set to consider defendant's request for sanctions, and the Court reserves jurisdiction to do so.