**In re BILL CULLEN ELECTRICAL CONTRACTING CO., Debtor.**

**CULLEN ELECTRIC CO., Plaintiff,**

**v.**

**BILL CULLEN ELECTRICAL CONTRACTING CO., Steel City National Bank of Chicago, and Mid–City National Bank of Chicago, Defendants.**

**Bankruptcy Nos. 93 B 6202, 93 A 461.**

United States Bankruptcy Court, N.D. Illinois, E.D.

July 13, 1993.

Robert J. Walinski, Walinski & Trunkett, P.C., Chicago, IL, for plaintiff.

Karla L. Kambic, Ross & Hardies, Chicago, IL, for Mid–City.

Edward P. Freud, Ruff, Weidenaar & Reidy, Ltd., Chicago, IL, for Steel City.

Gregory K. Stern, Margaret R. O'Brien, Chicago, IL, for debtor.

## MEMORANDUM OPINION

ERWIN I. KATZ, Bankruptcy Judge.

The plaintiff, Cullen Electric Company ("Cullen Electric") filed a Complaint to Determine the Validity, Extent and Priority of certain liens on the property of the debtor, Bill Cullen Contracting Co. ("Debtor"). Defendant, Steel City National Bank of Chicago ("Steel City") moved to dismiss Cullen Electric's complaint for failure to state a claim upon which relief can be granted, or in the alternative, for summary judgment against Cullen Electric. Steel City's (1) motion to dismiss was made under Fed.R.Civ.P. 12(b)(6) (Fed.R.Bankr.P. 7012(b)) and (2) motion in the alternative for summary judgment, pursuant to Fed. R.Civ.P. 56 (Fed.R.Bankr.P. 7056). For the reasons outlined below, Steel City's motions are both denied.

The Court must address the propriety of the defendant's motion to dismiss for failure to state a claim. Federal Rule of Civil Procedure 12(b) provides in part:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Both parties have attached extraneous documents in their responses and replies, and Steel City has even included a motion in the alternative for summary judgment. The court has "complete discretion" in accepting or excluding such matter. *In re Chapman*, 154 B.R. 267 (Bankr. N.D.Ill.1993). Rule 12(b) provides a mandatory proviso that if the court, in its discretion, chooses not to exclude the matters outside the pleading, instead of reviving the motion to dismiss, it must convert the motion to a Rule 56 motion for summary judgment. This Court will exclude the extraneous material and treat the motion as a motion to dismiss. Hence, the Court will disregard Defendant's prayer, in the alternative, for summary judgment.

## FACTS AND BACKGROUND

The facts here are taken solely from Cullen Electric's adversary complaint and its accompanying exhibits. In a motion to dismiss, all well-pled allegations are accepted as true and any inferences arising from the complaint are considered in a light most favorable to the non-moving party. *Gorski v. Troy*, 929 F.2d 1183, 1186 (7th Cir.1991); *Corcoran v. Chicago Park District*, 875 F.2d 609, 611 (7th Cir.1989).

On September 11, 1992, Cullen Electric became a judgment creditor of the debtor as a result of a judgment entered in its favor against Debtor. The jury awarded Cullen Electric $81,000 in actual damages and $883,220.88 in punitive damages. The court later reduced the punitive damages to $490,000. On September 12, 1993, Cullen Electric instituted post-judgment non-wage garnishment collection proceedings under Ill.Rev.Stat. ch. 110 ¶ 12–701 *et seq.* and against five garnishees:

| | | |
|---|---|---|
| White Sox | – | $36,901.25; |
| Richmond Development Corp. | – | $79,697.60; |
| Chicago Building Maint. | – | $ 48,823; |
| Steel City National Bank | – | late answer; |
| LaPasso | – | no answer. |

On October 23, 1992, the state court in the garnishment proceeding ordered that garnishment liens would attach to the funds. At the same time, the court stayed all post-judgment collection proceedings while post-trial motions were pending. The day before the final judgment was entered, on March 22, 1993, Debtor filed a petition for bankruptcy protection under Chapter 11 of the Bankruptcy Code (hereinafter "the Code"). William Cullen now operates Bill Cullen Electrical Contracting Company as Debtor-in-Possession under §§ 1107 and 1108 of the Code. Cullen Electric has filed a Complaint to Determine the Validity, Extent and Priority of Liens, requesting a finding that Cullen Electric has a valid, perfected security interest in those accounts receivable covered by the garnishments. Additionally, Cullen Electric seeks an order that Steel City's lien be subordinated to that of Cullen Electric pursuant to § 501(c) of the Code. Cullen Electric alleges that:

* Steel City participated in Bill Cullen's breach of his fiduciary duty to Cullen Electric.

* Misconduct resulted in injury to Cullen Electric or advantage to Steel City.

* Subordination is consistent with the Bankruptcy Code.

## JURISDICTION

This court has jurisdiction over the subject matter in this proceeding under 28 U.S.C. § 1334(b). Because this proceeding is one to determine the validity, extent, and priority of liens, it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (K), and (O).

## DISCUSSION

■ Steel City has argued that because the turnover order was never executed, Cullen Electric does not have a "perfected" lien, but merely a "judicial" lien. "Perfection" of a lien via a turnover order is not necessary. Of all the cases that Steel City has cited (*In Re Weatherspoon*, 101 B.R. 533 (Bankr.N.D.Ill.1989); *In Re Lifschitz*, 131 B.R. 827 (Bankr.N.D.Ill.1991); *In Re T.M. Sweeney and Sons*, 120 B.R. 101 (Bankr.N.D.Ill.1990); *In Re Johnson*, 53 B.R. 919 (Bankr.N.D.Ill.1985); and *Bryant v. General Electric Credit Corp.*, 58 B.R. 144 (N.D.Ill.1986)), not one addresses the issue at hand, whether and when a lien arises under the Illinois non-wage garnishment statute.

Ill.Rev.Stat. ch. 110 ¶ 12–707(a) sets forth that:

> The judgment or balance due thereon becomes a lien on the indebtedness and other property held by the garnishee at the time of service of garnishment summons and remains a lien thereon pending the garnishment proceeding.

■ The language of § 707(a) seems clear. Steel City, in highlighting the final words "pending the garnishment proceeding," conveniently omits the previous words "and remains a lien thereon." The statute is concise as to its intent, to keep the lien in place unless and until a judge says otherwise. Steel City's novel idea of "perfected liens" notwithstanding, the court can find no evidence of such a concept with regard to non-wage garnishment.

§ 12–707 leaves no room for imaginary "perfected liens." In support of its argument to the contrary, Steel City cites several cases. As noted, all of these are inapposite to this proceeding. *Lifschitz* and *Sweeney*, as well as *Weatherspoon*, elaborate at length on the issue of judicial liens with regard to a citation to discover assets under Ill.Rev.Stat. ch. 110 ¶ 2–1402. Similarly, *Weatherspoon*, together with *John-*

*son* and *Bryant,* has discussed in great detail the scope of wage garnishment under Ill.Rev.Stat. ch. 110 ¶ 12–801 *et seq.*

Illinois law distinguishes between non-wage garnishment and a citation to discover assets. Judge Barliant, in *In Re Jaffe,* 111 B.R. 701 (Bankr.N.D.Ill.1990), analyzes the effect of a citation to discover assets. In finding that service of the citation under Ill.Rev.Stat. ch. 110 ¶ 2–1402 does not by itself create a lien, "other sections of the Illinois Code of Civil Procedure do specifically provide for the creation of liens. Ill. Rev.Stat. Ch. 110 ¶ 12–707(a) (1987)." *Jaffe,* 111 B.R. at 704. This ruling is backed by *In Re Miller,* 148 B.R. 510, 521 (Bankr.N.D.Ill.1992). Additionally, *Jaffe* is in complete accord with *In Re Waner,* 89 B.R. 751 (Bankr.N.D.Ill.1988) (Under Illinois law, judgment becomes continuing lien against accounts of Debtor when garnishment summons is served). When Judge Barliant, in *Weatherspoon,* 101 B.R. at 539–540, attacks *Waner,* he focuses not on the non-wage garnishment, but on the issue of transfer under § 547 of the Code and on citation to discover assets under section 2–1402.

Steel City cries for equity. The Court is loathe to accept Steel City's assertion that Steel City "never had the opportunity to file and present its adverse claim because the filing of debtor's petition for relief stayed the garnishment proceeding." In fact, between October 23, 1992, the date on which the garnishment proceedings were stayed to hear motions, and March 22, 1993, the date of debtor's bankruptcy filing, five months had elapsed, more than enough time for Steel City to file an adverse claim.

In order to grant Steel City's Motion to Dismiss, it must be shown that Cullen Electric has asserted no set of facts which would entitle it to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Meriwether v. Faulkner,* 821 F.2d 408, 411 (7th Cir. 1987); *cert. denied* 484 U.S. 935, 108 S.Ct. 311, 98 L.Ed.2d 269 (1987).

Cullen Electric has argued that subordination under § 510(c) is proper in this case; that Steel City's claim should be subordinated to that of Cullen Electric. The Seventh Circuit in *Matter of Vitreous Steel Products,* 911 F.2d 1223 (7th Cir.1990), has set forth that in order to establish a prima facie claim for equitable subordination under § 510(c), three elements must be present: (1) that the creditor/claimant has engaged in some sort of inequitable conduct; (2) the misconduct resulted in injury to other creditors or in unfair advantage of the miscreant; (3) subordination of the debt must be consistent with other provisions of the Bankruptcy Code. This tripartate test must be alleged in Cullen Electric's complaint.

Plaintiff has alleged Steel City's misconduct in asserting that Steel City conspired with the Debtor and participated in William Cullen's breach of his fiduciary duty to Cullen Electric. Plaintiff also asserts that the jury's award of actual and punitive damages to Cullen Electric obviously shows that Cullen Electric had suffered an injury due to Steel City's misconduct. Plaintiff further claims that subordination in this case is not inconsistent with the provisions of the Bankruptcy Code. The question in a motion to dismiss is not whether Cullen Electric will ultimately prevail, but whether Cullen Electric has pleaded a cause of action sufficient to entitle it to offer evidence in support of its claim. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). All three elements for an equitable subordination claim are alleged. Therefore, Cullen Electric has stated a claim upon which relief can be granted.

## CONCLUSION

For the reasons stated above, Steel City's motion to dismiss Cullen Electric's complaint is hereby denied.