In re BILL CULLEN ELECTRICAL CONTRACTING CO., Debtor.

CULLEN ELECTRIC CO., Plaintiff,

v.

BILL CULLEN ELECTRICAL CONTRACTING CO., Steel City National Bank of Chicago and George Cullen, Defendants.

Bankruptcy Nos. 93 B 06202, 93 A 00461.

United States Bankruptcy Court, N.D. Illinois, E.D.

Nov. 8, 1993.

Robert J. Walinski, Walinski & Trunkett, P.C., Chicago, IL, on behalf of plaintiff.

Gregory K. Stern, Chicago, IL, on behalf of debtor.

Edward P. Freud, Ruff, Weidenaar & Reidy, Ltd., Chicago, IL, on behalf of Steel City defendant.

Arthur G. Simon, Dannen, Crane, Heyman & Simon, Chicago, IL, on behalf of Geo. Cullen defendant.

## MEMORANDUM OPINION

ERWIN I. KATZ, Bankruptcy Judge.

The Defendants have filed Motions for Abstention under 28 U.S.C. § 1334(c) in response to Plaintiff's amended complaint to determine the validity, extent and priority of its purported liens in certain accounts receivable of the Debtor (the "Property"). Because the estate has disclaimed any interest in the Property and the outcome of the litigation would have no impact on the estate, the Court finds itself without subject matter jurisdiction to hear the proceeding. While subject matter jurisdiction is a prerequisite of abstention under § 1334, requiring the Court to deny the pending motions, the lack of jurisdiction requires dismissal of the amended complaint. *See* F.R.Bankr.P. 7012(b), incorporating F.R.Civ.P. 12(b)(1). The Court may dismiss the proceeding, either upon motion or *sua sponte*, at any stage when it appears that it lacks jurisdiction over the

subject matter. F.R.Bankr.P. 7012(h), incorporating F.R.Civ.P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.") *Ricketts v. Midwest National Bank,* 874 F.2d 1177, 1181 (7th Cir.1989). Therefore, for the reasons set forth below, the motions for abstention are hereby denied and the amended complaint is hereby dismissed.

All pending matters related to the adversary proceeding, including George Cullen's motion to dismiss for failure to state a cause of action, and the disposition of monies held by the Chicago White Sox, are mooted by the Court's decision herein. Unless otherwise specified, all statutory references are to the Bankruptcy Code.

## BACKGROUND

The Debtor filed for Chapter 11 relief on March 22, 1993. The Plaintiff filed this adversary proceeding on April 20, 1993 to determine the validity, extent, and priority of its liens, and requested the remedy of equitable subordination under § 510(c). The complaint alleges that the Plaintiff is a judgment creditor with liens on garnished accounts receivable of the Debtor. It seeks priority over the competing liens of Steel City and Mid–City National Bank of Chicago. Mid–City has assigned all of its rights in the Property to George Cullen, who has been substituted as a party defendant.

The case was converted to a proceeding under Chapter 7 on June 9, 1993. On July 20, 1993, the Plaintiff filed the first amended complaint, substituting George Cullen as a defendant in place of Mid–City. The Defendants filed their motions for abstention in response thereto. On August 30, 1993, the trustee filed a disclaimer of interest in the Property as it is over-encumbered by the various liens of the parties herein.

The Defendants had previously filed separate motions to dismiss this proceeding for failure to state a cause of action, or, in the alternative, for summary judgment. Steel City's motion was denied by the Court's Order and Memorandum Opinion 156 B.R. 235 dated July 13, 1993. George Cullen's motion

was continued pending resolution of the motions to abstain and is hereby denied, having been mooted by the Court's decision herein.

## DISCUSSION

### A. SUBJECT MATTER JURISDICTION

The Court has no jurisdiction to decide disputes between creditors over the Property. Under a line of cases decided in this circuit, a bankruptcy court's subject matter jurisdiction does not extend to a dispute that does not impact the estate. Specifically, the Court has no jurisdiction over a dispute for property in which the estate asserts no interest. *See In re Edwards,* 962 F.2d 641, 643 (7th Cir.1992) ("Since the property was no longer part of the bankrupt estate and since a determination of rights to it would not affect any dispute by creditors over property that was part of the bankrupt estate, the bankruptcy court had no jurisdiction to determine rights to the property"); *Home Ins. Co. v. Cooper & Cooper, Ltd.,* 889 F.2d 746, 749 (7th Cir.1989) ("Overlap between the bankrupt's affairs and another dispute is insufficient unless its resolution also affects the bankrupt's estate or the allocation of its assets among creditors"); *In re Kubly,* 818 F.2d 643, 645 (7th Cir.1987) (no jurisdiction to hear dispute over property in which debtors claimed no interest); *In re Xonics, Inc.,* 813 F.2d 127, 131 (7th Cir.1987) (no jurisdiction to hear dispute between two creditors over assets abandoned by the estate); *In re Chicago, Rock Island & Pac. R.R.,* 794 F.2d 1182, 1186–87 (7th Cir.1986) ("That some [property] was once owned by a bankrupt does not supply federal jurisdiction of disputes concerning that [property]"); *In re Cary Metal Products, Inc.,* 158 B.R. 459, 463 (N.D.Ill.1993) (no jurisdiction over proceeding brought by purchaser of substantial portion of Chapter 11 debtor's assets where no assets left in the estate); *In re World Wines, Ltd.,* 77 B.R. 653, 655–56 (Bankr.N.D.Ill. 1987) ("Courts have consistently held that, if a controversy does not involve property in which the debtor's estate asserts an interest, and the resolution of the claim will not affect the administration of the estate, then the bankruptcy court has no subject matter juris-

diction to adjudicate the claim"); *In re Crystal Mfg. & Packaging, Inc.*, 60 B.R. 816, 818 (N.D.Ill.1986) (same). Because the Property is over-encumbered, the estate has no interest in it. The trustee has stated as much in open court and in the statement he filed. The Court, therefore, has no jurisdiction to determine the parties' rights with respect thereto.

The Court has no jurisdiction over a dispute that does not impact the estate. "[T]he critical consideration, when determining whether or not the bankruptcy court has jurisdiction, is whether the outcome of the pending complaint would affect the estate." *Cary Metal*, 158 B.R. at 463. The resolution of Plaintiff's claim will not affect the administration of the estate. The ranking of the parties' liens is immaterial to the unsecured creditors. The amount of secured claims lessens to the extent of the value of the Property regardless of which party prevails. The amount of unsecured claims remains the same. Therefore, the parties must pursue their remedies in state court.

■ Plaintiff's claim gives rise to neither a "core" nor "related to" proceeding. *Xonics* sets forth the test for "related to" jurisdiction in the Seventh Circuit. The facts in that landmark decision are similar to those now before the Court. Two creditors compete over property in which the estate has disclaimed any interest. Unlike in the current scenario, in *Xonics* the estate had abandoned its interest in the subject property. Notwithstanding that distinction, the rationale of *Xonics* is applicable here. The Seventh Circuit stated that a bankruptcy court's jurisdiction to hear disputes between creditors depends on whether there is any impact on the estate: "if the estate should disclaim any interest in the [property], only the dispute between [two secured creditors] would remain. The resolution of that dispute would not affect the creditors of the bankrupt, and there would be no source of jurisdiction." *Xonics*, 813 F.2d at 131. *Xonics* defined "related to" jurisdiction under 28 U.S.C. § 157(c)(1) as arising from a dispute that "affects the amount of property available for distribution or the allocation of property among creditors." *Id.* Cases after *Xonics*

make clear that the second prong refers specifically to allocation of property among "other" creditors. *See, e.g., Kubly*, 818 F.2d at 645. More recently, the Seventh Circuit has stated that an action is related when it has a "direct and substantial impact" on the pool of assets available for distribution to creditors. *Diamond Mortg. Corp. of Illinois v. Sugar*, 913 F.2d 1233, 1239 (7th Cir.1990), *cert. denied*, 498 U.S. 1089, 111 S.Ct. 968, 112 L.Ed.2d 1054 (1991). The current dispute affects neither the amount of property available for distribution nor the allocation of property among other creditors. It is simply not "related to" the bankruptcy for jurisdictional purposes.

■ The dispute is also not a "core" proceeding. Courts that have found no "related to" jurisdiction over creditors' disputes have also found an absence of "core" jurisdiction. In effect, the *Xonics* "related to" test is a threshold test for subject matter jurisdiction over disputes among creditors. "The unrelated dispute among two creditors also would not be a "core" proceeding under § 157(b)(2)." *Xonics*, 813 F.2d at 131. *See also Cary Metal*, 158 B.R. at 464, note 5: "As noted in *Xonics*, an unrelated dispute among creditors is not a 'core' proceeding under § 157(b)(2) since it is the 'relation of dispute to estate, and not of party to estate, that establishes jurisdiction.'" The current dispute does not meet the threshold and, accordingly, falls outside the Court's jurisdiction.

■ Plaintiff claims that because its cause of action for equitable subordination arises under a provision of the Bankruptcy Code (§ 510(c)), it meets the criteria of a "core" proceeding. "Core" proceedings are differentiated from "related to" proceedings in 28 U.S.C. § 157(b). *See Cary Metal*, 158 B.R. at 464. The Seventh Circuit has adopted the definition of a "core" proceeding set forth by the Fifth Circuit in *In re Wood*, 825 F.2d 90, 97 (5th Cir.1987): "[A] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Barnett v. Stern*, 909 F.2d 973, 981 (7th Cir.1990). In the language of title 28, these are proceed-

ings "arising under title 11, or arising in a case under title 11." 28 U.S.C. § 157(b)(1); 28 U.S.C. § 1334; *see also Cary Metal,* 158 B.R. at 462. The amended complaint could be said in the abstract to invoke a substantive right provided by title 11 since it requests a form of relief specifically provided for therein. However, any form of statutory relief is not available to anyone. The party requesting relief must be one who is intended to have rights under the statute. The Bankruptcy Code is not intended to confer rights on creditors competing over property in which the estate asserts no interest. *Id.* at 463; *World Wines,* 77 B.R. at 655–56. Therefore, as it relates to this bankruptcy, the amended complaint does not invoke a substantive right provided by title 11, and does not give rise to a "core" proceeding.

### B. ABSTENTION

■ Because it lacks jurisdiction, the Court may not abstain from hearing the proceeding. Subject matter jurisdiction is a prerequisite to abstention. *See* 28 U.S.C. §§ 1334(c)(1) and (2); *In re Ascher,* 128 B.R. 639, 644–45 (Bankr.N.D.Ill.1991). If the Court had jurisdiction, however, permissive rather than mandatory jurisdiction would apply. Abstention is mandatory upon satisfaction of the following criteria: (1) the case is based on a state law cause of action that, although related to a case under title 11, does not arise under title 11 or arise under a case under title 11; (2) there is no separate basis for federal jurisdiction apart from the bankruptcy; (3) an action has already been commenced in state court; and (4) the case could be timely adjudicated in state court. *Id.* at 644; *Bates & Rogers Constr. Corp. v. Continental Bank, N.A.,* 97 B.R. 905, 907 (N.D.Ill. 1989). If the Court had found a basis for jurisdiction, it might be said that the amended complaint was based on a federal rather than state law cause of action since it seeks relief provided by § 510(c) of the Bankruptcy Code. In addition, if the Court had determined that the Plaintiff was a party intended to have rights under the Code relative to this bankruptcy, it could be argued that its cause of action did "arise under" title 11. If that were the case, the facts at hand would not fall within the first above-stated criterion.

Furthermore, it is not clear from the record before the Court that an action has already been commenced in state court seeking a redress of wrongs alleged in the amended complaint. For these reasons, mandatory abstention would not be appropriate.

■ Permissive abstention, on the other hand, would apply if the Court had jurisdiction over this proceeding. The factors courts consider when determining whether to abstain under 28 U.S.C. § 1334(c)(1) have been recounted by this Court in *In re Lawndale Steel Co., Inc.,* No. 90 B 03508, 1991 WL 242977, at *7–*8 (Bankr.N.D.Ill. May 2, 1991) and have recently been reiterated in *Matter of Chicago, Milwaukee, St. Paul & Pacific Railroad Company,* 6 F.3d 1184, 1189 (7th Cir.1993). While all twelve factors will not be recited here, the salient factors in this case weigh in favor of permissive abstention: (1) There would be no effect on the efficient administration of the estate. (2) The legal issues may be adequately addressed and adjudicated in state court. (3) There is no jurisdictional basis other than 28 U.S.C. § 1334. (4) This dispute is not related to the main bankruptcy case. (5) The assertion of a "core" proceeding is one of form rather than substance. (6) The dispute may be severed from core bankruptcy matters. (7) All the parties before the Court are non-debtors. The Court is persuaded that these factors weigh substantially in favor of the Defendants. The most compelling reason to abstain is the basis for the Court's finding a lack of subject matter jurisdiction: the proceeding will have no effect upon the estate. "[I]f a state court proceeding will have no effect on the estate, abstention is proper; however, where the proceeding will affect the amount or existence of creditors' dividends, abstention is inappropriate." *Ascher,* 128 B.R. at 647; *see also J.D. Marshall Intern., Inc. v. Redstart, Inc.,* 74 B.R. 651, 656 (N.D.Ill.1987); *In re Boughton,* 49 B.R. 312, 319 (Bankr.N.D.Ill.1985). As previously stated, the proceeding will not affect the amount or existence of creditors' dividends. For these reasons, even if there were bankruptcy jurisdiction over this proceeding, abstention would be appropriate.

## CONCLUSION

The amended complaint is hereby dismissed for lack of subject matter jurisdiction. The motions for abstention are denied, and all pending matters related to this adversary proceeding, including George Cullen's motion to dismiss and the disposition of monies held by the Chicago White Sox, are dismissed, having been rendered moot by the Court's decision herein.