125 Ill. App.3d 309 (1984)
465 N.E.2d 133
In re D.K., a Minor  (The People of the State of Illinois, Petitioner-Appellee,
v.
D.K., Respondent-Appellant).
No. 3-83-0675.
Illinois Appellate Court  Third District.
Opinion filed June 20, 1984.
*310 Robert Agostinelli and Sue Augustus, both of State Appellate Defender's Office, of Ottawa, for appellant.
John A. Barra, State's Attorney, of Peoria (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.
Judgment affirmed.
JUSTICE HEIPLE delivered the opinion of the court:
The respondent minor, D.K., appeals from an order revoking the minor's probation and sentencing the minor to the Illinois Department of Corrections (IDOC) for a term not to exceed his 21st birthday. The sole issue on appeal is whether the trial court erred in sentencing the minor. We affirm.
The minor was originally adjudicated a delinquent after being charged with theft. During a subsequent placement with the Youth Farm Agency, the minor escaped from the facility on four occasions, thereby violating his parole. These escapes resulted in the instant proceedings to revoke his parole.
At the parole revocation hearing, the court received the testimony of the minor's parole officer and of his counselor at the Youth Farm. The minor and his father also testified. Immediately upon the closing of the evidence, the court stated simply that the minor "shall be committed to the Illinois Department of Corrections." No objections to the disposition were raised. The trial court later entered a written order committing the minor to the IDOC.
The issue on appeal is whether the cause should be remanded for resentencing because of the trial court's failure to comply with the sentencing procedure set forth in section 5-1(5) of the Juvenile Court Act. (Ill. Rev. Stat. 1983, ch. 37, par. 705-1(5).) Section 5-1(5) requires that "[w]hen commitment to the Department of Corrections is ordered, the court shall state the basis for selecting the particular disposition, and the court shall prepare such a statement for inclusion in the record."
The trial court in the instant case failed to state any basis for its selection of disposition. Its cursory statement that the minor was committed to the IDOC did not satisfy the requirements of section 5-1(5). The question then is whether this error requires remandment.
 1 We do not remand because we find that the error was waived. Section 5-1(5) is substantially equivalent to section 5-4-1(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1005-4-1(c)). Under section 5-4-1(c), a trial court is required to state for the record its basis for a sentence. The Illinois Supreme Court in People *311 v. Davis (1982), 93 Ill.2d 155, 442 N.E.2d 855, held that this requirement was permissive rather than mandatory and therefore waivable.
The minor argues that Davis is not persuasive in the instant case because minors are entitled to greater protection under the Juvenile Court Act than are adult offenders under the criminal statutes. However, the Illinois Supreme Court based its decision in Davis on the constitutional principle of separation of powers. The court in Davis found that the legislature could not constitutionally impose a mandatory requirement that the trial court state its reasons for imposing a particular sentence. The Davis court therefore found that the requirement of a stated basis for a particular sentence was permissive and could be waived.
These same principles of separation of powers apply to the statute now before us. If the legislature cannot constitutionally impose a mandatory requirement that a court state its reasons for sentence in a criminal proceeding, it similarly cannot impose a mandatory requirement in proceedings under the Juvenile Court Act. We find no basis for distinguishing the effect of the principle of separation of powers in the instant case from that presented in Davis.
Accordingly, we find that the requirements of section 5-1(5) are permissive and therefore waivable. We further find that the minor in the instant case has waived any objection to the court's failure to state its reasons for the record. The minor did not object to the court's omission at trial.
 2 We also decline to review the issues as plain error under Supreme Court Rule 615 (87 Ill.2d R. 615). Although brief, the court's order was supported by the record. The fact that the minor had escaped four times while placed at the Youth Farm was particularly relevant. The minor's counselor at the Youth Farm was unable to recommend any alternative to placement with the IDOC. We therefore do not review the issue as plain error.
Finally, our affirmance of the court's order in the instant case should not be construed as a condonation of its disposition of this case. The trial court had the responsibility of determining the future of a young person. The interests of the parties and the judicial system are better served when difficult decisions are set forth for the record.
The judgment of the circuit court of Peoria County is affirmed.
Affirmed.
BARRY and SCOTT, JJ., concur.