*In re* R.M., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. Verline M., Respondent-Appellant).

First District (2nd Division)   No. 1—95—2711

Opinion filed September 17, 1996, *nunc pro tunc* July 30, 1996.

Rita A. Fry, Public Defender, of Chicago (Emily Eisner, Assistant Public Defender, of counsel), for appellant.

Patrick Murphy, Public Guardian, of Chicago (Lee Ann Lowder and R. Jane Burwell, of counsel), for the People.

PRESIDING JUSTICE HARTMAN delivered the opinion of the court:

Respondent, Verline M., the mother of the minor, R.M., appeals from an order of the circuit court placing R.M. in the custody of the guardianship administrator of the Department of Children and Fam-

ily Services (DCFS). On appeal, respondent contends that: (1) the court's finding of neglect was manifestly erroneous; and (2) the court's failure to place in writing the factual basis for its finding at the dispositional hearing contravenes the requirement set forth in section 2—27 of the Juvenile Court Act of 1987 (the Act) (705 ILCS 405/ 2—27(1) (West 1994)) and, therefore, the finding must be vacated.

On May 25, 1994, the State filed a petition for adjudication of wardship on behalf of R.M. alleging that he was neglected and abused. After a temporary custody hearing, the court determined that probable cause existed that R.M. was neglected and should be removed from his mother's custody. At the adjudicatory hearing, police officer Eileen Daly testified that R.M. had been abandoned at a police station on the morning of May 22, 1994. Respondent's father telephoned the police after he saw R.M.'s picture on television. Officer Daly questioned respondent's father, who told her that he was watching R.M. because respondent was in the hospital, but he then allowed his girlfriend, Yolanda Kemp, to take R.M. Respondent's father would not explain why he gave R.M. to Kemp because he did not want to get Kemp in trouble. Officer Daly then questioned respondent, who stated that she left R.M. with her father and that Kemp had telephoned her at the hospital demanding money for baby-sitting. After respondent told Kemp she did not have any money, Kemp hung up the telephone and subsequently left R.M. at the police station. Respondent denied giving Kemp permission to take R.M. Respondent was not present at the adjudicatory hearing although she had been present at the temporary custody hearing. The court made a finding of neglect for lack of care pursuant to section 2—3(1)(a) of the Act. 705 ILCS 405/2—3(1)(a) (West 1994).

At the dispositional hearing, Gerald Austin, the DCFS worker assigned to R.M.'s case, testified that R.M. had been placed in his aunt's home, which was suitable. Respondent had had 10 children; all 10 children had been removed from respondent's care before they were five years old. Six of the children have been adopted and the remaining four are in the custody of DCFS. Respondent, who failed to complete required parenting classes and drug treatment, told Austin that she had been recently released from prison and was still taking drugs. Respondent wanted her sister to care for R.M. Neither Austin nor respondent's attorney was able to notify respondent of the dispositional hearing because they could not locate her. The court found that it was in the best interests of R.M. to be adjudicated a ward of the court because respondent was unable and unwilling to care for him.

Respondent initially contends the court's determination that

R.M. was neglected was against the manifest weight of the evidence because respondent was unaware that her father would give R.M. to his girlfriend.

■ Section 2—3 of the Act includes as the definition of a neglected minor the following:

"any minor under 18 years of age who is not receiving the proper or necessary support, education as required by law, or medical or other remedial care recognized under State law as necessary for a minor's well-being, or other care necessary for his or her well-being, including adequate food, clothing and shelter, or who is abandoned by his or her parents or other person responsible for the minor's welfare without a proper plan of care." 705 ILCS 405/2—3(1)(a) (West 1994).

Neglect includes both willful and unintentional disregard of parental duties. *In re Ashley F.*, 265 Ill. App. 3d 419, 424, 638 N.E.2d 368 (1994). A determination of neglect lies within the province of the circuit court and will not be disturbed on appeal unless it is contrary to the manifest weight of the evidence. *In re Ashley F.*, 265 Ill. App. 3d at 425.

■ Based on the evidence, a finding of neglect was proper. Contrary to respondent's contention, a neglect determination encompasses more than merely the knowledge and control of respondent. Respondent left R.M. with her father, who was an unsuitable caregiver. Respondent's father allowed his girlfriend to take R.M. Respondent's father would not explain why he gave R.M. to his girlfriend because he did not want to get her in trouble. Respondent did not find an appropriate caregiver; as a result, R.M. was abandoned. The court's finding of neglect was not manifestly erroneous.

■ Respondent next argues the circuit court failed to put in writing the factual basis of its finding that respondent was unwilling and unable to care for her child and, therefore, that finding should be vacated and the cause remanded. Respondent does not contest the court's finding that she was unwilling and unable to care for R.M. Section 2—27 of the Act reads, in part, as follows:

"If the court determines and puts in writing the factual basis supporting the determination of whether the parents, guardian, or legal custodian of a minor adjudged a ward of the court are unfit or are unable, for some reason other than financial circumstances alone, to care for, protect, train or discipline the minor or are unwilling to do so, and that it is in the best interest of the minor to take him from the custody of his parents, guardian or custodian, the court may at this hearing and at any later point [make a determination regarding the custody or guardianship of the minor]." 705 ILCS 405/2—27(1) (West 1994).

Respondent failed to object to the court's failure to make written findings. The issue is therefore waived. See *Dineen v. City of Chicago*, 125 Ill. 2d 248, 265, 531 N.E.2d 347 (1988). Waiver aside, section 2—27 sets forth a permissive requirement. See *In re D.K.*, 125 Ill. App. 3d 309, 311, 465 N.E.2d 133 (1984). Moreover, the court's decision is supported by the record and the court's failure to write the factual basis for its determination does not necessitate remand.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

SCARIANO and DiVITO, JJ., concur.