In re MADISON H., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. Mandi H., Respondent-Appellant).

Third District  No. 3—03—0364

Opinion filed April 27, 2004.

Susan K. O'Neal, of Sullivan, for appellant.

Albert G. Algren, State's Attorney, of Monmouth (Lawrence M. Bauer and Judith Z. Kelly, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McDADE delivered the opinion of the court:

The State filed a juvenile petition for wardship, alleging that the minor, Madison H., born July 30, 2002, was dependent in that she lacked adequate care (705 ILCS 405/2—4(1)(b) (West 2002)). Following a dispositional hearing, the trial court granted the petition and awarded guardianship to the Department of Children and Family Services (DCFS). The respondent mother, Mandi H., appeals. She argues that the trial court committed reversible error by failing to enter a written factual basis for its finding of her inability to care for, protect and train the minor. We remand for further proceedings.

## BACKGROUND

The State filed its juvenile petition on September 13, 2002, alleg-

ing that the minor was dependent, in that she lacked adequate care because of her parents' mental disabilities. On November 22, 2002, a Warren County circuit judge found that both parents had developmental disabilities, lacked parenting skills and had difficulties providing required medical care for the minor. The court determined that the minor required close monitoring for medical conditions, including respiratory and urinary tract infections and kidney reflux condition. Based on these findings, Judge Clerkin adjudicated the minor dependent and ordered the parents to comply with DCFS' client service plan.

On March 7, 2003, the cause was called for a dispositional hearing. At the close of the evidence, the court made the following oral ruling:

"I find that it is in the child's best interests that the child be made a ward of the Court. I find that the health, safety and in the interest of the minor, as well as the public, requires that the minor be placed outside the home. I find that the parents at this time are unable to care for, protect, train, properly discipline (although the child is not at an age appropriate for that at this point), but I am basing this on the ability of the parents, and that the child's health, safety and best interests would be jeopardized if the child remained in the parents' custody at this time. I also find that services— appropriate services that would be aimed at preservation of the family would be inappropriate at this time and that it would be in the best interests of the minor that custody and guardianship be given to DCFS with the right to place."

The court subsequently entered a preprinted form dispositional order with blocks checked showing that (1) respondent was "for reasons other than financial circumstances alone unable to care for, protect, train, educate, supervise or discipline the minor and placement with her is contrary to the health, safety and best interests of the minor because _____"; and (2) "[r]easonable efforts and appropriate services aimed at family reunification cannot prevent or eliminate the necessity for removal of the minor from the home at this time and leaving the minor in the home is contrary to the health, welfare and safety of the minor. *** The following facts form the basis for this finding: _____."

## ISSUE AND ANALYSIS

In this appeal, respondent does not contest the sufficiency of the evidence to support the trial court's dispositional order. She argues only that the cause must be remanded for further dispositional proceedings because the court failed to comply with the statutory requirement that a written factual basis be provided in support of the guardianship determination. 705 ILCS 405/2—27(1) (West 2002). The

State, citing *In re R.M.*, 283 Ill. App. 3d 469, 670 N.E.2d 827 (1996), argues that the requirement of a written factual basis is "permissive" and subject to waiver where a respondent parent fails to object at trial.

■ Section 2—27 of the Juvenile Court Act of 1987 provides in relevant part as follows:

"(1) If the court determines and puts in writing the factual basis supporting the determination of whether the parents *** of a minor adjudged a ward of the court are *** unable, for some reason other than financial circumstances alone, to care for, protect, train or discipline the minor ***, and that the health, safety, and best interest of the minor will be jeopardized if the minor remains in the custody of *** her parents ***, the court may ***

* * *

(d) commit the minor to the Department of Children and Family Services for care and service ***. *** [T]he Guardianship Administrator of the Department of Children and Family Services shall be appointed guardian of the person of the minor." 705 ILCS 405/2—27(1) (West 2002).

In *R.M.*, as here, the respondent mother argued for the first time on appeal that the trial court's failure to put its factual basis in writing pursuant to the statute was reversible error. In rejecting this argument, the court first found that the issue was waived for failure to object at trial. The court then stated, "Waiver aside, section 2—27 sets forth a permissive requirement. See *In re D.K.*, 125 Ill. App. 3d 309, 311, 465 N.E.2d 133 (1984). Moreover, the court's decision is supported by the record and the court's failure to write the factual basis for its determination does not necessitate remand." *R.M.*, 283 Ill. App. 3d at 472, 670 N.E.2d at 829.

■ Initially, we reject the State's waiver position. It is well settled that the doctrine of waiver is a limitation on the parties, not on this court's jurisdiction. *In re Marriage of Sutton*, 136 Ill. 2d 441, 557 N.E.2d 869 (1990). Our responsibility to provide a just result warrants overriding considerations of waiver in this case.

■ We further cannot accept the statement in *R.M.* that section 2—27 sets forth a "permissive requirement." Where, as here, we are called upon to interpret a statutory provision, our primary goal is to give effect to the legislature's intent. *In re C.M.*, 282 Ill. App. 3d 990, 669 N.E.2d 707 (1996). We do so by looking to the plain language of the statute and giving the language its ordinary meaning. *In re C.N.*, 196 Ill. 2d 181, 752 N.E.2d 1030 (2001). If the language is clear and unambiguous, we must give it effect as written without applying internally contradictory interpretations. See *C.M.*, 282 Ill. App. 3d

990, 669 N.E.2d 707. Only where constitutional principles of separation of powers require an unrestrained exercise of judicial discretion will a statute requiring certain judicial action be construed as "permissive." See, *e.g.*, *People v. Davis*, 93 Ill. 2d 155, 442 N.E.2d 855 (1982) (interpreting criminal provisions requiring reasons for the trial court's sentencing determinations as "permissive" in order to affirm their constitutional validity); *In re D.K.*, 125 Ill. App. 3d 309, 465 N.E.2d 133 (1984) (applying the rule of *Davis* in juvenile delinquency context).

■ The Juvenile Court Act of 1987 grants the circuit courts authority to make custody determinations in the best interests of the child. *C.M.*, 282 Ill. App. 3d 990, 669 N.E.2d 707. Section 2—27(1) authorizes the court to appoint DCFS as the legal guardian of a minor *"if* the court determines *and puts in writing the factual basis"* supporting its determination of parental unfitness, inability or unwillingness. (Emphasis added.) 705 ILCS 405/2—27(1) (West 2002). The statute does not indicate that the court "may" so determine or "may" put in writing its factual basis. The statute is not ambiguous.

Nor do we find any need to construe the language requiring a written basis as "permissive." Having initially granted the circuit courts authority to render custodial determinations, the legislature is free to refine the scope of the circuit courts' custody alternatives without violating separation-of-powers principles. See *C.M.*, 282 Ill. App. 3d 990, 669 N.E.2d 707.

Section 2—27(1) does not unduly infringe upon inherent powers of the judiciary or threaten judicial independence. Rather, it comports with due process concerns when the legal custody and guardianship of a child is removed from a parent and awarded to the State. By requiring the court to provide a written basis for its determination of the parent's unfitness, inability or unwillingness to care for a minor, the statute provides the parent, as well as the court, clear notice of a benchmark for measuring subsequent efforts to correct the conditions that led to the child's removal and progress toward the return of the child. See *C.N.*, 196 Ill. 2d 181, 752 N.E.2d 1030; *In re April C.*, 326 Ill. App. 3d 225, 760 N.E.2d 85 (2001).

Giving effect to the plain language of section 2—27(1), we hold that the trial court's failure to provide the required written factual basis in its dispositional order was reversible error. Accordingly, the cause must be remanded for a new dispositional hearing and order. See *C.M.*, 282 Ill. App. 3d 990, 669 N.E.2d 707.

## CONCLUSION

The judgment of the circuit court of Warren County is reversed, and the cause is remanded with directions.

Reversed and remanded.

HOLDRIDGE, P.J., and SLATER, J., concur.